Heather L. Rosing, Bar No. 183986
David M. Majchrzak, Bar No. 220860
Philip W. Vineyard, Bar No. 233628
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
hrosing@klinedinstlaw.com
dmajchrzak@klinedinstlaw.com
pvineyard@Klinedinstlaw.com

Attorneys Specially Appearing for
PRENDA LAW, INC.

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>   Plaintiff,<br><br> and<br><br>PRENDA LAW, INC.,<br><br>   Movant – Appellant,<br><br> v.<br><br>JOHN DOE,<br><br>   Defendant - Appellee. | Ninth Circuit Case No. 13-55881<br><br>Underlying District Court Case No. 2:12-cv-8333-ODW(JCx)<br><br>**KLINEDINST PC'S MOTION TO WITHDRAW AS COUNSEL FOR PRENDA LAW, INC.**<br><br>District Court Judge: Hon. Otis D. Wright, II<br>Magistrate Judge: Hon, Jacqueline Chooljian<br>Complaint Filed: September 27, 2012<br>Trial Date: None set |

///

///

///

///

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF APPLICATION TO WITHDRAW AS COUNSEL

## I. INTRODUCTION

Heather Rosing, David Majchrzak, and Philip Vineyard of the law firm Klinedinst PC (collectively, "Klinedinst"), current counsel of record for Prenda Law, Inc. ("Prenda") in the Ninth Circuit and in the recently concluded Order to Show Cause ("OSC") proceedings held in the Central District (which are the subject of Prenda's appeal), hereby apply to this court for an order authorizing Klinedinst's withdrawal as counsel for Prenda. Klinedinst's representation of Prenda was expressly limited to the OSC proceedings, and given the district court's recent Order Issuing Sanctions against Prenda Law, among others, those proceedings have effectively concluded.

On May 17, 2013, Klinedinst filed with the district court (i) an executed stipulation between Klinedinst and Prenda authorizing Klinedinst's withdrawal as counsel and (ii) a proposed order for the withdrawal. The district court denied Klinedinst's request on the very same day and thereafter, pursuant to its inherent authority, imposed a condition for withdrawal that Prenda retain substitute counsel. By this Motion, Klinedinst requests that the Court of Appeals vacate the district court's order and permit Klinedinst to withdraw as counsel to Prenda. The bases for this request are that Prenda and Klinedinst mutually agreed that Klinedinst would not act as Prenda's counsel after the conclusion of the OSC; Prenda consented to the withdrawal; the case law relied upon by the district court to deny the stipulation and proposed order actually supports Klinedinst's withdrawal; and despite the foregoing, Klinedinst remains as counsel for Prenda in this appeal and in any later action before the district court.

///
///

## II. STATEMENT OF RELEVANT FACTS

On February 7, 2013, the district court issued an OSC regarding Sanctions, ordering Plaintiff's counsel, Brett Gibbs, to appear before the court to respond to several allegations of improper behavior and attempted fraud on the court. At pages 10-11 of that order, the court stated it would consider whether sanctions, including fines and incarceration, were appropriate "to deter future misconduct."[1] On March 5, 2013, in response to submissions filed by Gibbs and Morgan Pietz, counsel for an alleged putative John Doe in the underlying litigation, the district court ordered, relevant to this motion, out-of-state non-parties John Steele, Paul Hansmeier, Paul Duffy, and Angela Van Den Hemel to appear before the court on March 11, 2013, for the OSC hearing.[2] The order was silent on the reasons why the non-parties were to appear.

On March 7, 2013, Klinedinst was retained to specially appear on behalf of the non-parties at the March 11 hearing, and on March 8, 2013, Klinedinst filed an ex parte application for an order withdrawing the court's previous order for the non-parties' appearance, based on a lack of jurisdiction and unreasonable notice.[3,4] After a lengthy March 11 OSC hearing at which Klinedinst specially appeared and its clients made themselves available to the court by phone, the district court denied on March 14, 2013, the non-parties' ex parte application and amended its February 7, 2013, OSC regarding Sanctions to encompass Steele, Hansmeier, Duffy, Van Den Hemel, Prenda, two of Prenda's clients (AF Holdings, LLC and Ingenuity 13, LLC), and several other persons and companies alleged to have ties to one or more of the summoned non-parties.[5,6] The March 14 order also instructed the non-parties and Prenda, among others, to appear at a further OSC

---

[1] ECF No. 48, 10:27-28; 11:1-2. All references to the ECF are for the underlying district court litigation.
[2] ECF No. 66.
[3] Declaration of Heather Rosing, attached hereto, at ¶5.
[4] ECF Nos. 81-85, 91.
[5] ECF No, 93, 6:15-25; 7:1-3; 20:23-25; 21:1-2.
[6] ECF No. 86, 1:18-22; 2:3-21.

hearing on March 29, 2013, which was later continued to April 2, 2013, upon the court's own order.[7, 8]

Prior to the April 2, 2013, OSC hearing, separate counsel were retained to represent non-parties Steele and Hansmeier. These counsel made special appearance for the respective clients at the April 2 hearing.[9] Klinedinst continued to represent Duffy, Van Den Hemel, and Prenda.[10] However, Klinedinst disclosed to its remaining clients, on numerous occasions, that its representation would extend only so far as the defense of the OSC proceedings and include any transfer of information to subsequent counsel to ensure the clients' interests were protected in the litigation thereafter.[11] Duffy, Van Den Hemel, and Prenda accepted these conditions as they continued their representation through Klinedinst.[12]

On May 6, 2013, the district court filed its Order Issuing Sanctions against Gibbs, Steele, Hansmeier, Duffy, Prenda, and Prenda's clients, AF Holdings and Ingenuity 13, LLC. In doing so, the district court triggered a litany of requests by Steele, Hansmeier, Duffy, and Van Den Hemel to substitute in and specially appear in this matter in lieu of their counsel.[13] The court granted all of those requests.[14] All of those persons with the exception of Van Den Hemel filed Notices of Appeal with the district court.[15] As noted, Klinedinst electronically filed on May 17, 2013, with the district court an executed stipulation between Klinedinst and Prenda permitting the former to withdraw as counsel and a proposed order seeking the court's approval of that withdrawal.[16] The court refused to sign that order, stating that it would only permit Klinedinst's withdrawal upon Prenda's retention of

---

[7] ECF No. 86, 2:22-23.
[8] ECF No. 88.
[9] ECF No. 103, p. 3.
[10] ECF No. 103, p. 2.
[11] Rosing Dec., ¶5.
[12] Rosing Dec., ¶5; *see also* the Stipulation, ECF No. 144.
[13] ECF Nos. 131, 133, 135, 143; Rosing Dec., ¶6.
[14] ECF Nos. 134, 137, 139. 146.
[15] ECF Nos. 140, 154, 155.
[16] ECF No. 144.

KLINEDINST PC'S MOTION TO WITHDRAW AS COUNSEL FOR PRENDA LAW, INC.
2:12-cv-8333-ODW(JCx)

subsequent counsel.[17]

Prenda is a corporation and unable to appear before the district court on a *pro se* basis.[18] Nonetheless, Prenda agreed to Klinedinst's limited scope of representation for purposes of the OSC proceedings only, as verified by Prenda in the executed stipulation. Within days of the court's May 6, 2013, order, Klinedinst provided in writing guidance to Prenda on the consequences itinerant to the preclusion of a corporation appearing *pro se* before the federal courts, the retention of subsequent counsel, and immediate issues to address with any Notice of Appeal Prenda might file.[19] Once the district court denied Klinedinst's withdrawal, Klinedinst carried on as Prenda's counsel, filing within three days a Notice of Appeal and an Application for a Stay of the Proceedings and Enforcement of the Sanctions Order on behalf of Prenda – all above and beyond the limited scope of representation that Klinedinst was supposed to have. Thus, having protected their client's interests, and pursuant to the Central District's Local Rules 83-2.9.2.1 and 83-2.9.2.3 and this Court's Circuit Rule 27, Klinedinst requests the Ninth Circuit to vacate the district court's May 17, 2013, order and grant Klinedinst's motion to withdraw as counsel of Prenda.

## III. ARGUMENT

### A. Authorities for Klinedinst's Motion to Withdraw

Central District Local Rule 83-2.9.2.1 states the following:

> ***Motion for Withdrawal.*** An attorney may not withdraw as counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action.

///

---

[17] ECF No. 147.
[18] Central District of California L.R. 83-2.10.1.
[19] Rosing Dec., ¶7. Klinedinst would, if it could, disclose the specific advice, but it does not wish to breach the attorney-client privilege and offers the general subject matter of its guidance solely to satisfy its legal obligations for this motion to withdraw. *See, e.g.,* Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc., 2009 U.S. Dist. LEXIS 69618 at 4.

Similarly, Local Rule 83-2.9.2.3, in relevant part, states the following:

> ***Corporation or Unincorporated Associations.*** An attorney requesting leave to withdraw from representation of a corporation or unincorporated association shall give written notice to the corporation or unincorporated association of the consequences of its inability to appear *pro se*.

Central District Local Rule 83-2.9.2.4 concludes the following:

> ***Delays by Substitution of Attorneys.*** Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion.

Finally, the Ninth Circuit's Circuit Rule 27-11(a)(6) states that a motion requesting the withdrawal of counsel effectively stays "the schedule for record preparation and briefing pending the Court's disposition of the motion."

### B. Klinedinst Has Performed The Duties Required To Permit Its Withdrawal as Prenda's Counsel

Nowhere in the Central District's Local Rules or the Appellate Court's Circuit Rules is there a requirement that before counsel for a corporate client may withdraw as counsel of record, that client must retain subsequent counsel. Thus, the district court must have imposed this requirement through its discretionary authority, but the factors justifying that imposition are not present in the instant matter. The court quoted in its order the analysis that must be undertaken to determine whether a request for withdrawal should be denied or granted.[20] The questions to be considered constitute the following:

1. The reasons why withdrawal is sought;
2. The prejudice withdrawal may cause to other litigants;
3. The harm withdrawal might cause to the administration of justice; and
4. The degree to which withdrawal will delay resolution of the case.

See *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, 2009 U.S. Dist.

---
[20] ECF, No. 147, 1:21-27.

LEXIS 69618 at 2 ("*HLC*").

Indeed, *HLC* – the legal authority cited in this court's order denying Klinedinst's original request for withdrawal – is a limited scope of representation case addressing an attorney attempting to withdraw from representation of its corporate client, despite a looming deadline for a responsive pleading; *i.e.*, with the client facing a potential default if it did not retain new counsel to replace the withdrawing counsel. Id. at 3. Similar to counsel in *HLC*, Klinedinst has a limited scope of representation – to defend Prenda through the OSC proceedings. Identical to the client in *HLC*, Prenda has consented to Klinedinst's withdrawal. Id. Finally, there is no mention anywhere in *HLC* that the corporate client had retained subsequent counsel or that the Central District imposed such a condition on withdrawal. All of these factors, as Judge Gutierrez of the Central District commented, serve to "weigh in favor of granting the motion [to withdraw]." Id.

With these similarities in mind, the remaining comparison between this case and *HLC* only strengthens the conclusion that Klinedinst must be permitted to withdraw. For example, Judge Gutierrez analyzed whether the opposing party would be prejudiced by the withdrawal of counsel due to any delay in prosecuting the matter. Id. Because the plaintiff in *HLC* could seek a default from the unrepresented corporation if the latter failed to file a responsive pleading, prejudice to the plaintiff was "negligible." Id. Here, there is no opposing party, and there is no case to litigate, as it was dismissed back in January 2013. The prejudice prong of the court's analysis does not even arise to "negligible." The fact that there is no case to litigate also militates a finding that Klinedinst's withdrawal cannot possibly delay resolution of the underlying case or cause harm to the administration of justice, the latter factor further ameliorated by the fact that the court administered its justice in the form of a sanctions order.[21] Simply, the four-pronged analysis used by the Central District to guide its discretionary authority leads to only one

---
[21] ECF No. 130.

conclusion – Klinedinst should be permitted to withdraw as counsel of record for Prenda.

The one issue upon which counsel in *HLC* stumbled was its failure to provide a written explanation to its client of the consequences of failing to obtain subsequent representation. Id. at 4. That is not the case here. As highlighted in the attached Declaration of Heather Rosing, Klinedinst provided in writing to Prenda on several occasions the consequences of any failure to retain subsequent counsel. Thus, with all loose ends tied up, there is no basis to delay Klinedinst's withdrawal any longer.

### C. Circuit Rule 27-11 Ameliorates Any Prejudice To Prenda Or Any Other Party to Its Appeal

Federal Rules of Appellate Procedure and Circuit Rule 27 inherently authorize motions to withdraw as counsel. Specifically, Circuit Rule 27-11 provides special arrangements for such a motion by staying the schedule for record preparation and briefing of the appeal. Thus, Prenda is not prejudiced by Klinedinst's withdrawal, as it will have sufficient time to retain and brief subsequent counsel as this Court considers Klinedinst's motion. Further, Prenda has been on notice since the beginning of the underlying OSC proceedings that it would need to retain counsel for any legal issues arising after the OSC ruling. The stay in the proceedings assures that there are no irregularities going forward with the appeal.

///
///
///
///
///
///
///

- 8 -
**KLINEDINST PC'S MOTION TO WITHDRAW AS COUNSEL FOR PRENDA LAW, INC.**
2:12-cv-8333-ODW(JCx)

## IV. CONCLUSION

Based on the foregoing facts and legal authorities and Klinedinst's exhibition of good faith and strident efforts in the protection of Prenda's legal and financial interests, the Court should vacate the district court's earlier order denying Klinedinst's withdrawal and, in turn, grant Klinedinst's motion before this Court, thereby permitting Klinedinst to withdraw as Prenda's counsel.

                                          Klinedinst PC

DATED: May 22, 2013                By: /s/ *[signature]*
                                                Heather L. Rosing
                                                David M. Majchrzak
                                                Philip W. Vineyard
                                                Attorneys Specially Appearing for
                                                PRENDA LAW, INC.

15552559v1

Klinedinst PC
501 West Broadway, Suite 600
San Diego, California 92101