# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

INGENUITY 13 LLC,

      Plaintiff,

  and

PRENDA LAW, INC.,

      Movant – Appellant,

  v.

JOHN DOE,

      Defendant - Appellee.

9ᵗʰ Circuit Docket No. 13-55881

[Related Circuit Docket No. 13-56028]

Los Angeles No. 2:12-cv-0888-ODW-JC
Central District of California

## EMERGENCY MOTION UNDER CIRCUIT RULE 27-3

## APPELLANT PRENDA LAW, INC.S MOTION FOR ORDER VACATING OR MODIFYING THE DISTRICT COURT'S AMENDED ORDER DENYING IN PART AND GRANTING IN PART RESPONDENT PAUL DUFFY'S MOTION FOR APPROVAL OF BOND (DKT. NO. 17O); STAYING ENFORCEMENT OF AMENDED ORDER; AND/OR CONSOLIDATING THE APPEAL OF THE AMENDED ORDER (DKT. NO. 177) WITH THE ORIGINAL APPEAL OF THE MAY 6, 2013, SANCTIONS ORDER

## CIRCUIT RULE 27-3 CERTIFICATE

I. **CONTACT INFORMATION FOR ATTORNEYS OF THE PARTIES**

The telephone numbers, e-mail addresses, and office addresses of the attorneys for the parties are set forth as follows:

*Attorneys for Putative John Doe Appellant/Defendant*

Morgan Pietz
The Pietz Law Firm
3770 Highland Ave., Suite 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
**Tel: 310.424.5557**

Nicholas Ranallo
371 Dogwood Way
Boulder Creek, CA 95006
nick@ranallolawoffice.com
**Tel: 831.703.4011**

*PRO SE PARTIES*

Paul Duffy
2 N. La Salle St., 13th Floor
Chicago IL 60602
Paulduffy2005@gmail.com
Tel: (312) 952-6136
Fax: (312) 952-6136
pduffy@pduffygroup.com
paduffy@wefightpiracy.com

Paul Hansmeier
Alpha Law Firm, LLC
900 IDS Center
80 South 8th Street
Minneapolis, MN 55402
prhansmeier@thefirm.mn
Tel: (612) 234-5744
Fax: (612) 234-5744
prhansmeier@thefirm.mn

Brett Langdon Gibbs
38 Miller Ave., #263
Mill Valley, CA 94941
Tel: (415) 381-3104
Brett.gibbs@gmail.com

John Steele
1111 Lincoln Rd., Suite 400
Miami Beach, FL 33139
Tel: (708) 689-8131
Fax: None
Email: johnlsteele@gmail.com

i

### PRO SE PARTIES (cont.)

Ingenuity 13, LLC
2100 M Street Northwest
Suite 170-417
Washington, DC  20037
Tel:  (888) 588-9473
Fax: (888) 964-9473
admin@livewireholdings.com

AF Holdings, LLC
Springates East
Government Road
Charlestown, Nevis
Tel:  (888) 588-9473
Fax: (888) 964-9473
admin@livewireholdings.com

## II.    <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure, Rule 26.1, Movant/Appellant Prenda Law, Inc. represents that it has neither a parent corporation nor does any publicly held corporation own more than 10% of any stock issued by Prenda Law, Inc.

# TABLE OF CONTENTS

I.    Contact Information for Attorneys of the Parties……………………...………..i

II.   Corporate Disclosure Statement……………………………………...……iii

III.  Table of Authorities………………….…..…………………………………vi

IV.   Facts Showing the Existence and Nature of Claimed Emergency…..........…viii

V.    Notification Regarding Service of Motion…………………………………x

# MEMORANDUM OF POINTS AND AUTHORITIES

I.    Relief Sought in the Appellate Court…………………………...………....1

II.   Summary of Relevant Facts……………………………………………....2

III.  Legal Argument……………………………………………………...8

      A.    Standard of Review…………………………………………...…8

      B.    The District Court Had No Legal Basis By Which To Impose A Bond
            To Insure John Does' Attorneys' Fees Incurred During Prenda Law's
            Appeal The District Court Has No Jurisdiction To Determine A Prevailing
            Party Pursuant To The Copyright Act's Fee-Shifting Provision; Therefore,
            John Doe Is Not Entitled To Attorneys' Fees……………………...………8

            1.    The District Court Has No Jurisdiction To Determine A
                  Prevailing Party Pursuant To the Copy Act's Fee-Shifting
                  Provision; Therefore, John Doe Is Not Entitled to Attorneys' Fees...10

iv

2.      Neither The Putative John Doe Defendant Nor Morgan Pietz Have Standing To Claim Prevailing Party Attorneys' Fees…..……12

3.      The District Court on Numerous Occasions Asserted That Its Sanctions Order Derived From The Court's Inherent Authority…...12

C.    The Second Bond Requested By the Putative John Doe and Granted By the District Court Is Unnecessary…………………………………………13

D.    The Other Conditions Imposed Upon the Bonds By The District Court Are Unnecessary, Onerous, and Legally Unsupported……..……..16

1.      Execution of the bonds despite the success of the appeal……16

2.      The Pietz law Firm as beneficiary………..……………….…16

3.      Appellants' execution of the bonds……………………..…....17

4.      Precluding the jurisdiction of a Bankruptcy Court…………...18

E.    Prenda Law Alternatively Seeks Modification of the Bond Order or Consolidation of the Appeal of the Bond Order…………………………...20

IV.   Conclusion…………………………………………………………………20

## III.    <u>TABLE OF AUTHORITIES</u>

<u>Page No.</u>

**Cases Cited:**

*American Soccer Co. v. Score First Enters,*

     187 F.3d 1108 (9th Cir. 1999)……………………………………………10

*Asizian v. Federated Dep't Stores, Inc.,*

     499 F.3d 950, 955 (9th Cir. 2007)……………………………....….…8

*Beatrice Foods Co. v. New England Printing & Lithographing Co.,*

     930 F.2d 1572, 1574 (Fed. Cir.1991)………………………………17

*Celotex v. Edwards,*

     514 U.S 300 (1995)………………………...………………………18

*Commercial Space Mgmt. Co. v. Boeing Co.,*

     193 F.3d 1074, 1077(9th Cir. 1999)…………………………………..10

*Cooter & Gell v. Hartmarx Corp.,*

     496 U.S. 384 (1990)…………………………………………………..13

*Dixon v. Comm'r,* 2006 Tax Ct. Memo LEXIS 98 at 102-107

     (United States Tax Court 2006)………………………………………13

*EEOC v. Clear Lake Dodge,*

     60 F.3d 1146, 1155 (5th Cir. Tex. 1995)………………..…..………..17

*Fleury v. Richemont North America, Inc.,*

    2008 U.S. Dist. LEXIS 88166 at 25-28 (N.D. Cal. 2008)....................15

*Mercury Air Group, Inc. v. International Air Leases, Inc.,*

    (1993) U.S. App. LEXIS 12651 at 10-12 (9th Cir. 1993).....................18

*United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip.,*

    89 F.3d 574, 577 (9th Cir. 1996)…………………………………….....12

*Wilson v. City of San Jose,*

    111 F.3d 688, 692 (9th Cir. 1997)……………………………….……..10

*Young v. New Process Steel, LP,*

    419 F.3d 1201, 1204 (11th Cir. 2005)…………………………………....9

**Rules Cited:**

Federal Rule of Civil Procedure ("FRCP"), Rule 41(a)(1)………….…………..2

FRCP Rule 11 and Local Rule 83-3…………………………………………..…2

17 U.S.C. §505………………………………………………………….……..9

28 U.S.C. §§1334(b) and 157(a)………………………………………………19

FRAP Rule 7……………………………………………………………….…..9

Federal Rule of Civil Procedure 65.1…………………………………..………19

<u>**Secondary Sources**</u>

Charles A. Wright & Arthur R. Miller,

Federal Practice and Procedure §2973 at 652-53………………………....…….18

5A Federal Procedure, L.Ed. §10:12 (1991)..................................……..…..…1

## IV.  FACTS SHOWING THE EXISTENCE AND NATURE OF CLAIMED EMERGENCY

On May 21, 2013, the District Court in the underlying matter issued an order imposing a $1,000 per day, per respondent penalty for failure (i) to pay the underlying $81,000 sanction that is the subject of seven different appeals or (ii) to post a supersedeas bond in the amount of the sanction.[1]  After posting a supersedeas bond that was 25% greater in amount than the earlier sanctions order, Respondent Paul Duffy moved the District Court for approval of the bond and a stay of enforcement of the sanctions and penalties orders.[2]  Moving Appellant Prenda Law, Inc. joined that motion.[3]

The court only conditionally granted the bond, requiring a second bond in the amount of $136,000 be posted within 14 days of its amended order to insure the attorney's fees prospectively incurred by a putative John Doe defendant and his counsel, Morgan Pietz, during the appeal.[4]  The court also imposed several onerous conditions on the two bonds and required each respondent/appellant to acknowledge in a filing with the court the validity of those conditions, regardless of their propriety.[5]  That acknowledgement is due no later than 7 days after the

---

[1] District Court Docket Entry No. 177.
[2] Dkt. Nos. 170, 171, 174.
[3] Dkt. No. 173.
[4] Dkt. No. 177.
[5] Dkt. No. 177, 1:23-2:28.

court's June 11, 2013, issuance of the amended order conditionally granting Duffy's motion. Attendant to these deadlines was a promise by the court to impose additional sanctions if the respondents did not comply with the amended order.[6]

Prenda Law, Inc. believes the District Court's requirement for a second bond and the further imposition of unnecessary, but onerous bond conditions are unsupported by any legal authority and has appealed that order. Yet, if Prenda Law fails to comply with the order, it will in all likelihood lose its ability to appeal what it believes to be serious violations of its Due Process rights. This is due to a lack of resources by which to fund another bond, while paying for legal representation in the underlying appeal.[7] Further, the District Court has shown its willingness to severely punish the respondents for failure to conform to the court's orders; therefore, Prenda Law, Inc. requests the Appellate Court to issue a remedial order by June 18, 2013, staying enforcement of the District Court's June 11, 2013, amended order conditionally granting Respondent Duffy's motion for approval of the supersedeas bond. Prenda Law, Inc. thereafter requests this Court to either vacate in its entirety or modify by June 25, 2013, the amended order, pursuant to the facts and legal authorities provided in this emergency motion, to approve the original bond as posted. The requested resolution date constitutes the 14-day deadline by which Appellants are to post the mandated second bond.

---

[6] Dkt. No. 177, 2:15-19, 25-28.
[7] *See generally* Affidavit of Paul Duffy, attached hereto.

## V.     NOTIFICATION REGARDING SERVICE OF MOTION

On June 11, 2013, counsel for Movant/Appellant Prenda Law, Inc. e-mailed all interested parties and their counsel of record to disclose its intent to file an appeal to the subject amended order and this emergency motion regarding same. The subject matter of the motion and the relief requested was communicated, and on June 11, 2013, putative appellee John Doe, through its counsel, Morgan Pietz, communicated its opposition to the proposed motion.   Counsel for Prenda Law, Inc. e-mailed copies of the initial draft of this Motion to all interested parties and their counsel of record on June 14, 2013, at approximately 10:00 a.m.

Counsel for all Appellants and other interested parties will be served with the executed version of the emergency motion by email at the time of filing and also via ECF when the motion is filed.

Movant/Appellant Prenda Law, Inc. has also notified the Clerk and Motions Unit of the Ninth Circuit of the pending motion via telephone on June 12, 2013.


Klinedinst PC


DATED: June 14, 2013              By:   /s/ Heather L. Rosing
                                        Heather L. Rosing
                                        David M. Majchrzak
                                        Philip W. Vineyard
                                        Attorneys for Specially Appearing for
                                        PRENDA LAW, INC.

x

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRENDA LAW, INC.'S EMERGENCY MOTION

### I.     RELIEF SOUGHT IN THE APPELLATE COURT

Respondent Prenda Law, Inc. ("Prenda Law") has appealed an amended order from the underlying district court requiring a second bond in the amount of $135,933.66 (the "Bond Order") as a pre-condition to Prenda Law's continued appeal of an unlawful $81,000 sanctions order earlier issued by the District Court. The new bond is over and above a conditionally approved supersedeas bond in the amount of $101,650 posted in satisfaction of the $81,000 sanctions order.   The Bond Order also promises additional sanctions if the second bond is not posted within 14 days of the subject order or if the sanctioned parties do not acknowledge within 7 days of the Bond Order the validity of the onerous conditions imposed on both bonds by the District Court.  Therefore, Prenda Law is forced to move the Appellate Court on an emergency basis for remedy, which includes at the Court's discretion the following:

1. An order vacating the Bond Order and approving the original bond;

2. An order modifying the Bond Order by which the many onerous conditions to bond approval are removed and the amount of the second bond is reduced to reflect the removal of any putative appellees' prospective attorneys' fees as a consideration of the bond amount;

3. An order (i) consolidating Prenda Law's appeal of the Bond Order with the underlying appeal of the $81,000 sanctions order; and/or

1

4. An order staying enforcement of the Bond Order pending resolution of this Motion or the consolidated appeal.

The bases for this Motion are the immediate harm to come to Prenda Law if it does not comply with the Bond Order and the District Court's erroneous reference to the Copyright Act as a legal basis for including within the amount of the bonds any putative appellee's attorneys' fees incurred during Prenda Law's appeal of the underlying $81,000 sanctions order.

## II.   **SUMMARY OF RELEVANT FACTS**

Prenda Law, through its local "of counsel," Brett Gibbs, was attorney of record for Plaintiff Ingenuity 13, LLC in the underlying copyright infringement action entitled *Ingenuity 13, LLC v. John Doe*, assigned case number 2:12-cv-08333 by the United States District Court for the Central District of California. The lawsuit was originally filed on September 27, 2012, but later voluntarily dismissed without prejudice by the plaintiff on January 28, 2013, pursuant to Federal Rule of Civil Procedure ("FRCP"), Rule 41(a)(1).[8]

On February 7, 2013, Judge Otis D. Wright, II of the Central District issued an order to show cause ("OSC") against Gibbs regarding sanctions for FRCP Rule 11 and Local Rule 83-3 violations.[9]  The OSC expressly stated that criminal sanctions, including financial penalties and incarceration, were available

---

[8] Docket Entry Numbers ("Dkt No.") 1, 43.
[9] Dkt. No. 48.

punishments if the court determined Gibbs had violated Rule 11 and Local Rule 83-3.[10]  The order also stated that Gibbs faced automatic sanctions and the issuance of a bench warrant if he failed to appear.  Gibbs and Morgan Pietz, an attorney for a purported John Doe defendant who had yet to be named to any complaint, filed numerous declarations and briefs in response to the District Court's OSC.[11]

The submissions filed by Gibbs and Pietz resulted in a March 5, 2013, order from the District Court directing several out-of-state witnesses to appear at the OSC hearing scheduled for March 11, 2013.[12]  Those witnesses, many of whom were alleged to have ties to the underlying plaintiffs or Prenda Law, objected on the bases of lack of jurisdiction and unreasonable notice, but made themselves available to the court via telephone.[13]  The hearing took more than two hours and included extensive examination and cross-examination of witnesses by counsel and the court, the submission of evidence, and oral argument.[14]  Although the out-of-state witnesses were available by phone, the court did not attempt to speak to them and did not let their specially appearing counsel participate in the OSC hearing.[15]

On March 14, 2013, the District Court amended its February 7, 2013, OSC to expressly include, relevant to this motion, Prenda Law and Paul Duffy as parties

---

[10] Dkt. No. 48, 10:27-28; 11:1-4.
[11] Dkt. Nos. 49-55; 58-64.
[12] Dkt. No. 66.
[13] Dkt. Nos. 81-85; 93 at 20:8-25; 21:1-2.
[14] *See generally* Dkt. No. 93.
[15] Dkt. No. 93, 6:15-25; 7:1-7.

subject to the proposed sanctions found in the court's February 7, 2013, OSC.[16]

The District Court thereafter scheduled a second OSC hearing and ordered the out-of-state respondents to appear at that hearing.[17]  From the very beginning of the hearing, the court noted the following:

> It should be clear by now that this court's focus has now shifted dramatically from the area of protecting intellectual property rights to attorney misconduct [sic] such misconduct which I think brings discredit to the profession.  That is much more of a concern now to the court than what this litigation initially was about.[18]

The summoned respondents specially appeared at the hearing under objection and thereafter invoked their Fifth Amendment right against self-incrimination – all based on the court's suggestion that a fraud had been perpetrated against the court and that incarceration was a potential result of the OSC proceedings.[19]  The invocation of the Fifth resulted in the court ending the hearing within 12 minutes of its start and precluded the type of witness examination and argument that had occurred at the earlier March 11 hearing. When Prenda Law's and Duffy's counsel suggested that she had roughly twenty-

---

[16] Dkt. No. 86.
[17] Dkt. No. 86, 2:22-28; 3:1-9.
[18] Dkt. No. 86, 6:13-18.
[19] Dkt. No. 86, 7:3-9:20.

five minutes of legal arguments and evidentiary objections to make, the court
instructed counsel to put them in a brief.[20]

Counsel for Prenda Law and Duffy in fact filed their legal arguments and
later submitted (i) a reply to an opposing brief filed by Pietz and (ii) objections to
Pietz's proffered evidence.[21] Thereafter, on May 6, 2013, the District Court issued
its findings of fact and order imposing sanctions upon Prenda Law and Duffy,
among others.[22] The court, pursuant to its inherent powers described in the Central
District's Local Rule 83, imposed sanctions in the form of attorneys' fees claimed
by Pietz for the defense of his purported John Doe client, but moreso for his work
in assisting the court in its investigation of the sanctioned respondents.[23] The court
then doubled the sanctions in a punitive measure, noting in a footnote that the
amount – just over $81,000 – was calculated to fall "just below the cost of an
effective appeal," a sort of "gotcha" inside joke for the sanctioned respondents who
have been alleged to calculate the costs of their settlement requests just below a
putative defendant's costs in retaining counsel to fight an infringement lawsuit.[24]
Nowhere did the District Court make reference to the Copyright Act in the
issuance of the attorneys' fees-based sanction.

---

[20] Dkt. No. 86, 8:20-10:13; 12:17-13:9.
[21] DKt. Nos. 108, 117, 120, and 127.
[22] Dkt. No. 130.
[23] Dkt. No. 130, 3:13-18; 6:1-8; 10:1-13.
[24] Dkt. No. 130, 10:13-17.

The court made the sanction a joint and several obligation and ordered the amount to be paid to Pietz within 14 days of the order.[25] Prior to the deadline, several of the sanctioned respondents, including Prenda Law, filed Notices of Appeal.[26] Prenda Law went one step further and filed an application with the District Court requesting stay of enforcement of the sanctions order pending resolution of the appeal.[27] The court denied the application on May 21, 2013, and thereafter imposed a $1,000 per day, per respondent penalty for each day beyond May 20, 2013, that the respondents failed to pay the sanction award or submit for approval a supersedeas bond in the amount of the court-ordered sanctions.[28] The bond was filed with the court on May 22, 2013, and Duffy filed a motion seeking the bond's approval and a stay of enforcement of the earlier orders imposing the sanctions and the penalties.[29] Prenda Law joined Duffy's motion.[30]

Duffy's motion garnered an opposition from Pietz, who argued that he was entitled to a Federal Rule of Appellate Procedure ("FRAP"), Rule 7 bond that covered not only $5,000 in prospective appellate costs, but also $135,000 in prospective attorneys' fees for the appeal.[31] Pietz also argued that several other conditions should be imposed prior to approval of the original bond, such as

---

[25] Dkt. No. 130, 10:15-17; 11:10-12.
[26] Dkt. Nos. 140, 149, 153-157.
[27] Dkt. No. 157.
[28] Dkt. No. 164, 2:4-5, 6-13.
[29] Dkt. No. 170, 171, 174.
[30] Dkt. No. 173.
[31] Dkt. No. 175, 8:23-27; 9:1-5.

permitting him to execute on the bond if any one respondent failed to successfully appeal the court's sanctions order; that the bond not be subject to a Bankruptcy Court's jurisdiction; and that each insured appellant sign off on the bond and the extra conditions imposed by the District Court.[32]  To this effect, Pietz filed a proposed order granting his client all of the conditions for which Pietz argued.[33]

The District Court signed Pietz's proposed order without permitting Duffy or Prenda Law an opportunity to rebut Pietz's erroneous legal arguments either by way of reply brief or oral argument.[34]  Further, the District Court ordered Prenda Law and the other bonded respondents to file within seven days of the court's order acknowledgements of the validity of the conditions imposed by the court on each bond and to post within 14 days a second bond in the amount of just over $136,000, ostensibly to cover Pietz's prospective appellate fees and costs.[35]  In imposing the requirement of a second bond, the court expressly cited to the Copyright Act as its legal basis.[36]  In imposing these requirements, the court also promised to impose further sanctions if the parties did not comply with the order.[37]

---

[32] Dkt. No. 175, 8:10-15; 9:6-28; 10:1-23.
[33] Dkt. No. 175, Attachment #3.
[34] Dkt. Nos. 176, 177.
[35] Dkt. No. 177, 1:23-2:28.
[36] Dkt. No. 177, 2:20-25.
[37] Dkt. No. 177, 2:15-19, 25-28.

## III.   LEGAL ARGUMENT

### A.   Standard of Review

Normally, a district court's setting of a bond amount and its award of attorneys' fees are reviewed for an abuse of discretion.  Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 955 (9th Cir. 2007).  However, the legal basis by which a district court sets a bond amount or awards attorneys' fees is reviewed de novo by the appellate courts.  Id.  Prenda Law asserts that the District Court failed to abide by applicable legal authorities dictating that it could not consider the putative John Doe's future attorneys' fees incurred for the appeal as a basis of calculating the second bond's amount.  Prenda Law also asserts that the District Court had no legal basis – and, indeed, did not cite to any – permitting it to impose the numerous onerous conditions on the approval of the bonds.

### B.   The District Court Had No Legal Basis By Which To Impose A Bond To Insure John Doe's Attorneys' Fees Incurred During Prenda Law's Appeal

FRAP Rule 7 permits a district court to require an appellant "to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  In the Ninth Circuit, "costs on appeal" include an appellee's prospective attorneys' fees incurred in the appeal if an *applicable* fee-shifting statute grants such relief.  See Azizian, 499 F.3d at 958 ("[T]he term 'costs on

8

appeal' in Rule 7 includes all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's fees."). The *Azizian* court affirmatively cited to the 11th Circuit case of <u>Young v. New Process Steel, LP</u>, 419 F.3d 1201, 1204 (11th Cir. 2005), in which the 11th Circuit held that district courts "must look beyond the mere fact that a fee-shifting provision defines attorney's fees as costs, to whether the statute could actually support an award of fees to the appellees." *Azizian*, 499 F.3d at 958.

Pietz and the District Court cited to the Copyright Act and its prevailing party attorneys' fees provision as the legal basis by which the putative John Doe's prospective attorneys' fees were to be insured. *See* 17 U.S.C. §505. However, there are three reasons why such reliance is wrong:

> 1.) Plaintiff Ingenuity 13, LLC dismissed without prejudice the underlying copyright infringement action pursuant to FRCP 41(a)(1), thereby immediately removing the District Court's jurisdiction to determine the merits of the case and, thus, a prevailing party.
>
> 2.) Pietz's alleged client, an unnamed John Doe defendant, never appeared in any of the contested lawsuits and therefore cannot be a "prevailing party" for application of 17 U.S.C. section 505.
>
> 3.) The District Court expressly stated that the $81,000 awarded to the putative John Doe emanated from the court's inherent authority pursuant to the Central District's Local Rule 83. Laws or rules establishing a court's authority to sanction cannot serve as the necessary "fee-shifting provision" that permits the inclusion of attorneys' fees incurred as an amount insured by an FRAP Rule 7 bond.

9

1.    **The District Court has no jurisdiction to determine a prevailing party pursuant to the Copyright Act's fee-shifting provision; therefore, John Doe is not entitled to attorneys' fees.**

On January 28, 2013, nine days before the Court issued its OSC regarding sanctions for Rule 11 and Local Rule 83-3 violations, plaintiff Ingenuity 13, LLC filed a voluntary dismissal of the underlying lawsuit without prejudice, pursuant to FRCP Rule 41(a)(1).  The Ninth Circuit has stated that such a dismissal "is effective on filing and no court order is required."  Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999) (hereinafter, "*Boeing*").  Quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997), the *Boeing* court noted the following:

> The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice.  The effect is to leave the parties as though no action had been brought.

Id.

Another case on which *Boeing* relied - American Soccer Co. v. Score First Enters., 187 F.3d 1108 (9th Cir. 1999) (hereinafter, "*American Soccer*") – is especially apropos for the case at bar.  In *American Soccer*, Plaintiff alleged trademark infringement and unfair competition against Defendant Score First Enterprises.  Id. at 1109.  Through stipulation, Defendant never responded to the

underlying complaint and further never served a motion for summary judgment. Id. However, the district court *sua sponte* determined that trial of the matter was going to proceed as cross-motions for summary judgment, and after nearly three days of "trial," the district court took the matter under submission. Id. Prior to the court's ruling, Plaintiff filed a notice of voluntary dismissal pursuant to FRCP Rule 41(a). Id. Defendant successfully moved to vacate the voluntary dismissal, resulting in the court vacating the dismissal, entering a dismissal of the case with prejudice, and awarding attorneys' fees to Defendant.[38] Id.

In reversing the district court, the Appellate Court gave a literal interpretation to Rule 41 and ruled that because Defendant had failed to serve an answer or a motion for summary judgment, the voluntary dismissal was valid and removed the district court's jurisdiction to rule on the merits of the case. Id. The facts are the same here. Pietz's client never served an answer or motion for summary judgment to Ingenuity 13, LLC's complaint; therefore, the subsequent Rule 41 Notice of Dismissal removed the District Court's jurisdiction to determine the merits of the underlying copyright action. The District Court simply could not determine a prevailing party for purposes of awarding attorneys' fees. Thus, the Copyright Act is not an ***applicable*** fee-shifting statute for purposes of imposition of the Rule 7 bond.

---

[38] Prenda Law notes Pietz has recently requested the District Court to take such action. Dkt. No. 183, 6:3-9.

11

**2.    Neither the putative John Doe defendant nor Morgan Pietz has standing to claim prevailing party attorneys' fees.**

Related to the District Court's lack of jurisdiction to determine a prevailing party pursuant to the Copyright Act is the lack of putative John Doe's standing to seek prevailing party attorney's fees. Pietz never identified his alleged putative John Doe client during the entirety of the OSC proceedings, but more important is the fact that Plaintiff Ingenuity 13, LLC never formally named Pietz's client to its lawsuit. Therefore, the alleged John Doe defendant was never formally charged with liability or forced to litigate the underlying allegations and cannot now claim attorney's fees pursuant to a statute that he was never alleged to have violated. Because Pietz is at the mercy of his client's lack of standing, he too cannot claim attorneys' fees pursuant to the Copyright Act. *See* United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip., 89 F.3d 574, 577 (9th Cir. 1996)(noting the right to demand statutory attorneys' fees is the client's, not the attorney's).

**3.    The District Court on numerous occasions asserted that its sanctions order derived from the court's inherent authority.**

Another reason imposition of a second bond is improper lies in the fact that the District Court made numerous proclamations that (i) the original copyright infringement action had changed into an investigation of attorney misconduct and (ii) the $81,000 sanction was imposed pursuant to the court's inherent authority

12

under Central District Local Rule 83.[39]  Sanctions awards are not fee-shifting; thus,

a district court cannot award an appellee its attorneys' fees incurred during the

appeal of a sanctions award.  *See* Dixon v. Comm'r, 2006 Tax Ct. Memo LEXIS 98

at 102-107 (United States Tax Court 2006)(citing Cooter & Gell v. Hartmarx

Corp., 496 U.S. 384(1990)(superseded by legislation on other grounds)).

Indeed, the only time copyright was mentioned in the OSC proceedings was

in the context of purported Rule 11 violations in failing to make sufficient pre-

litigation investigations before alleging copyright infringement.  Even then, the

court expressly and properly noted that it could not issue sanctions pursuant to

Rule 11 due to the procedural status of the case.[40]  Thus, it is obvious that the

Copyright Act had nothing to do with the OSC proceedings or the $81,000

sanction, begging the question as to why the District Court relies upon it now.  In

any event, that reliance is unsupported by any factual or legal authority.

### C.    <u>The Second Bond Requested by the Putative John Doe and Granted by the District Court Is Unnecessary</u>

What is truly disconcerting about the Bond Order is that it reflects an undue

deference to Pietz and his alleged client.  Initially, the District Court simply

ordered Prenda Law and its co-appellants to post a supersedeas bond in the amount

of the underlying sanction order – just over $81,000 – and file a motion seeking its

---

[39] Dkt. No. 48; 86, 6:13-18; 130, 3:13-18; 6:1-8; 10:1-13.
[40] Dkt. No. 130, 7:24-28.

approval so that a stay of enforcement could be had.[41]  On the date that Respondent Duffy filed the requested motion (May 23, 2013), Judge Wright actually signed the supersedeas bond, which had been filed with the court a day earlier and calculated to exceed the amount of the sanctions order by 25%.[42]

On June 3, 2013, however, Pietz filed his client's opposition to Duffy's motion, requested a total of just under $238,000 in bonding, and submitted a proposed order granting everything requested in the opposition.[43]  As noted, the basis of Pietz's opposition was that the Copyright Act's fee-shifting provision entitled his client to more security.  Although Duffy had scheduled a June 24, 2013, hearing on his Motion and had the right, along with Prenda Law, to file a reply arguing the legal authorities now before this Court, the District Court foreclosed those opportunities by executing Pietz's proposed order just three days after the filing of the opposition.[44]  The Bond Order is an amended version of that order, but is nearly identical in wording and substance.[45]

Given the inapplicability of the Copyright Act's fee-shifting provision to the amount of the mandated second bond, the District Court should have never signed Pietz's proposed order.  The removal of John Doe's prospective attorneys' fees

---

[41] Dkt. No. 164, 2:8-10, 14-15.
[42] Dkt. No. 170, Attachment 2, at pg. 4.
[43] Dkt. Nos. 175 and Attachment #3 thereto.
[44] Dkt. No. 176.
[45] Dkt. No. 177.

incurred in appeal nearly obviates on its own the need for a second bond. John

Doe has argued that he or she will incur an estimated $135,000 in attorneys' fees

during the appeal.[46]  The District Court mandated the second bond to be valued at

$135,933.66.[47]  The remaining $933.66 is easily extinguished by removal of John

Doe's requested post-judgment interest of $8,131.97 from the calculations.[48]

      As noted, the underlying appellate matter is a sanctions order, not a

judgment; therefore, John Doe, who did not even appear in the underlying matter,

is not entitled to post-judgment interest.  Similar arguments apply to purported

delay damages, for which John Doe has presented no evidence or legal authority

establishing that he or she in fact would incur delay damages.  That is because he

or she cannot, because delay damages do not fall under FRAP Rule 7's definition

of "costs."  *See* <u>Fleury v. Richemont North America, Inc.</u>, 2008 U.S. Dist. LEXIS

88166 at 25-28 (N.D. Cal. 2008).  Given the foregoing legal authorities, Prenda

Law has affirmatively shown that the original supersedeas bond is sufficient in

amount to insure payment of any true costs and the underlying sanctions order in

the event Prenda Law's appeal is denied.

---

[46] Dkt. No. 175, 8:23-27; 9:1-2.
[47] Dkt. No. 177, 2:20-24.
[48] Dkt. No. 175, 8:16-21.

**D.**     **The Other Conditions Imposed Upon The Bonds By The District Court Are Unneccesary, Onerous, and Legally Unsupported**

**1.**     **Execution of the bonds despite the success of the appeals**

Based on some truly irrelevant legal authority, and in some cases no authorities at all, the putative John Doe requested numerous conditions be placed on the bonds prior to approval, ostensibly to make it easier for him or her to execute on the bonds, regardless of whether the underlying appeal is successful. For example, John Doe requested – and was granted – a condition by which he or she could execute on the bond if just one of the bonded appellants failed to have its liability on the underlying sanction reversed.[49]  In other words, if just one of the appellants could no longer afford the costs of appeal and had to give up its pursuit, Pietz could execute on the bond, regardless of whether this Court ultimately finds that the District Court exceeded its inherent authority and violated Appellants' Due Process rights.  It should be noted that John Doe presented no legal authorities for this bond condition.

**2.**     **The Pietz Law Firm as beneficiary**

Similarly, Pietz demanded that his law firm be named as a beneficiary to the bonds, despite Prenda Law's earlier legal authorities highlighting Pietz's lack of

---

[49] Dkt. No. 175, 9:11-16.

16

standing to claim attorneys' fees.[50] *See* <u>United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip.</u>, 89 F.3d 574, 577 (9th Cir. 1996)(noting the right to demand statutory attorneys' fees is the client's, not the attorney's).  Again, Pietz provides no legal authorities for his request.

### 3.    Appellants' execution of the bonds

In truly confusing fashion, John Doe requests all of the appellants to execute the bond, but fails to disclose what benefit this condition effects.[51]  To support its request, John Doe cites to a simple contract interpretation case from outside the Circuit regarding boilerplate provisions in a bond that have evolved over decades.  *See* <u>Beatrice Foods Co. v. New England Printing & Lithographing Co.</u>, 930 F.2d 1572, 1574 (Fed. Cir. 1991).  Nowhere does *Beatrice Foods* stand for the proposition that all of the appellants must execute the bonds.  John Doe also relies on <u>EEOC v. Clear Lake Dodge</u>, 60 F.3d 1146, 1155 (5th Cir. Tex. 1995), but that case in only minor fashion dealt with a recalcitrant attorney who failed to properly time the filing of a supersedeas bond and failed to procure a bond that covered the costs required by law.  <u>Id</u>. at fn 10.  Again, there is no commentary on whether all of the bonded parties were required to execute the bond as requested by Pietz.

In fact, a bond's issuing surety is on the hook for the entirety of the bonded amount upon posting with the court.  *See* <u>Mercury Air Group, Inc. v. International</u>

---

[50] Dkt. No. 175, 9:6-9.
[51] Dkt. No. 175, 9:18-28.

Air Leases, Inc., 1993 U.S. App. LEXIS 12651 at 10-12 (9th Cir. 1993)("It is well-settled that '[a] surety's obligation is determined by the language of the bond, the rule requiring the giving of the bond, and the terms of the injunction or other order requiring the posting of the bond.'")(citing 5A Federal Procedure, L. Ed. § 10:12 (1991); accord Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2973 at 652-53). Thus, having every appellant execute the bond is superfluous – unless you are building evidence for different issues. Pietz is well aware that Prenda Law's co-appellants have invoked the Fifth Amendment in the underlying litigation, which has stymied his years-long investigation into their business activities. Pietz has multiple cases against Prenda Law and its clients and has alleged on numerous occasions that Prenda Law's clients are shell companies created by Appellants John Steele, Paul Hansmeier, and/or Paul Duffy. The posting of a bond provides Pietz with an unequalled opportunity to dig a bit deeper into the appellants' activities, but that has nothing to do with securing his alleged client's sanctions award. Accordingly, this condition too should be removed.

### 4.    Precluding the jurisdiction of a Bankruptcy Court

Relying on what is categorized as a "powerful dissent" in the Supreme Court case Celotex v. Edwards, 514 U.S. 300 (1995) (but a dissent in a 7-2 decision), Pietz requests, and the District Court granted, a bond condition that would effectively preclude a Bankruptcy Court's jurisdiction over the reorganization of a

18

bankrupt estate.[52]  Pietz argued that "the Prenda parties be estopped from seeking

to prevent execution on the bond through bankruptcy proceedings."  Pietz never

defines "the Prenda parties," but fails to disclose that it was a U.S. Bankruptcy

Court in *Celotex* that "interfered" with the judgment creditors' execution of a

supersedeas bond in a district court in Texas.  Id. at 200 (the Syllabus).  More to

the point, former Chief Justice Rehnquist held the following:

> A bankruptcy court has jurisdiction over proceedings "arising
> under," "arising in," or "related to" a Chapter 11 case. 28 U.S.C.
> §§ 1334(b) and 157(a). The "related to" language must be read
> to grant jurisdiction over more than simply proceedings
> involving the debtor's property or the estate. Respondents'
> immediate execution on the bond is at least a question "related
> to" Celotex's bankruptcy. While the proceeding against
> Northbrook does not directly involve Celotex, the Bankruptcy
> Court found that allowing respondents and other bonded
> judgment creditors to execute immediately on the bonds would
> have a direct and substantial adverse effect on Celotex' ability
> to undergo a successful Chapter 11 reorganization. The fact that
> Federal Rule of Civil Procedure 65.1 provides an expedited
> procedure for executing on supersedeas bonds does not mean
> that such a procedure cannot be stayed by a lawfully entered
> injunction.

Id.

It is curious John Doe and Pietz would rely on a two-justice dissent when

requesting an order essentially depriving a United States Bankruptcy Court of its

jurisdiction over a bankrupt estate, something *Celotex* specifically held could not

happen.  The precedent is clear; the District Court has no authority to impose the

condition granted for Pietz.

---

[52] Dkt. No. 175, 10:1-15.

E.    **Prenda Law Alternatively Seeks Modification of the Bond Order**
**or Consolidation of the Appeal of the Bond Order**

In the event this Court chooses not to vacate the District Court's Bond Order, Prenda Law requests that this Court modify the Bond Order to more appropriately reflect the risks to be insured by the second bond. If this Court chooses not to vacate or modify the Bond Order prior to adjudication of Prenda Law's Appeal of the Bond Order, Prenda Law requests an order from this Court consolidating Prenda Law's initial appeal of the sanctions order with that of the Bond Order.

IV.    **CONCLUSION**

For the foregoing reasons, Prenda Law, Inc. respectfully requests this Court to immediately stay enforcement of the Bond Order and thereafter vacate the Bond Order prior to the deadline imposed by the District Court for the posting of the second bond.

Respectfully submitted this 14th day of June, 2013.

Klinedinst PC

DATED: June 14, 2013        By:  /s/ Heather L. Rosing
                                 Heather L. Rosing
                                 David M. Majchrzak
                                 Philip W. Vineyard
                                 Attorneys for Specially Appearing for
                                 PRENDA LAW, INC.

20

**<u>ATTACHMENT</u>**

**[Dkt No. 177]**

**<u>AMENDED</u> ORDER DENYING IN PART AND CONDITIONALLY**

**GRANTING IN PART PAUL DUFFY'S MOTION FOR APPROVAL**

**OF BOND AND ORDER STAYING ENFORCEMENT OF MAY 6**

**AND MAY 21 ORDER IMPOSING SANCTIONS AND PENALTIES**

**[170, 171, 173, 174, 175]**

1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10
11   INGENUITY 13 LLC,                      Case Nos. 2:12-cv-8333-ODW(JCx)
12                      Plaintiff,          **AMENDED ORDER DENYING IN
                                            PART AND CONDITIONALLY
13        v.                                GRANTING IN PART PAUL
                                            DUFFY'S MOTION FOR
14   JOHN DOE,                              APPROVAL OF BOND AND ORDER
                                            STAYING ENFORCEMENT OF
15                      Defendant.          MAY 6 AND MAY 21 ORDERS
                                            IMPOSING SANCTIONS AND
16                                          PENALTIES [170, 171, 173, 174, 175]
17
18         The Court has duly considered Paul Duffy's Motion for Approval of Bond and
19   Order Staying Enforcement of May 6 and May 21 Orders Imposing Sanctions and
20   Penalties ("Bond Motion") manually-filed May 23, 2013 (ECF No. 170), and the
21   response thereto filed by the putative John Doe in 12-cv-8333 and his counsel and
22   hereby **ORDERS** as follows:
23         1.    The bond already posted with the Court is conditionally approved as
24               security for this Court's Sanctions Order (ECF No. 130) subject to the
25               following conditions, each of which shall be deemed a part of the bond
26               itself:
27               a.    The bond shall be payable to and enforceable by "John Doe or The
28                     Pietz Law Firm."

b.  The bond is made joint and several and may be executed upon if any of the parties to the bond fails to reverse the monetary portion of this Court's Sanctions Order (ECF No. 130) on appeal as to him or it. In other words, if the fee award survives as against any party, the bond may be executed upon even if other parties prevail on appeal.

c.  The Prenda parties, as well as the surety, are estopped from arguing in any Court other than this one that execution on the bond should be stayed, avoided or otherwise forestalled. This expressly includes an attempt to circumvent execution of the bond through bankruptcy proceedings. The only valid reason to prohibit executing on the instant bond (as amended) should be if all of the Prenda parties prevail on the monetary portion of all of their appeals, as determined by this Court.

d.  The surety, and each Prenda party relying upon the bond for security shall execute and acknowledgment recognizing the validity of these conditions. Any party who fails to execute and file such an acknowledgment on the docket within 7 days shall be deemed in violation of this Court's order.

2.  Further, the Prenda parties shall be required to post an additional bond in the amount of $135,933.66 (which is the $237,583.66 total, minus the $101,650.00 bond that the Prenda parties other than Mr. Gibbs have already posted) to cover costs on appeal, which includes attorney's fees since the underlying case is a copyright case. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). The additional bond shall be subject to all the same conditions as the bond noted above. Failure to post the additional bond within 14 days shall result in the imposition of additional sanctions.

Due to the unique circumstances of this action, which include the fact that underlying order below is a sanctions award for fraudulent conduct and the web of mysterious offshore entities controlled by the Prenda parties, the above conditions are necessary to effect justice.

**IT IS SO ORDERED.**

June 11, 2013

<br>

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**