# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| INGENUITY 13 LLC<br><br>    Plaintiff<br>  and<br><br>PRENDA LAW, INC.,<br><br>    Movant-Appellant<br><br>  v.<br><br>JOHN DOE,<br><br>    Defendant-Appellee. | Ninth Circuit Case No. 13-55881<br><br>[Related Ninth Circuit Case Numbers: 13-56028; 13-55859; 13-55871; 13-55880; 13-55882; 13-55883; 13-55884]<br><br>On appeal from the United States District Court for the Central District of California, C.D. Cal. No. 2:12-cv-8333-ODW<br>Honorable Otis D. Wright, II, District Judge<br><br>**RESPONSE TO EMERGENCY MOTION** |

- 1 -

**RESPONSE**

The putative John Doe-appellee ("Doe") in this action, by and through counsel, hereby responds to the Emergency Motion Under Circuit Rule 27-3 filed by movant–appellant Prenda Law, Inc. on June 14, 2013 (ECF No. 9).

**(a)    Summary of Relevant Procedural History**

The case below, *Ingenuity 13, LLC v. John Doe*, C.D. Cal. No. 12-cv-8333-ODW, involves four attorneys (John Steele, Paul Hansmeier, Paul Duffy, and Brett Gibbs), their law firm (Prenda Law, Inc.), and their two purported "clients" (Ingenuity 13, LLC and AF Holdings, LLC) (collectively, the "Prenda Parties").

The district court, by its Order Issuing Sanctions dated May 6, 2013, severely sanctioned each of the Prenda Parties for their conduct of fraudulent copyright infringement litigation, awarding double attorneys fees to the putative John Doe defendant represented by undersigned counsel. C.D. Cal. No. 12-cv-8333 ECF No. 130. The attorney's fee award was made payable jointly and severally by all seven of the Prenda Parties. *Id.* In addition to awarding monetary sanctions, the district court made a number of devastating factual findings, and referred the four attorneys to the U.S. Attorney's Office and to the IRS Criminal Investigation Division for investigation. *Id.*

The Prenda Parties were ordered to pay the attorney's fees to undersigned counsel within 14-days. *Id.* They did not do so. Instead, they filed a first "emergency" motion, for a stay pending appeal directly to the Ninth Circuit, without first raising that issue in the district court, and without posting a bond. Ninth Cir. Case No. 13-55859, ECF No. 3, 5/16/13.[1] Undersigned counsel responded to that motion, opposing a stay with respect to the non-monetary aspects of the district court's sanctions order, but noting that *if an appropriate bond was first posted,*

---

[1] For the Court's convenience, a collection of the relevant pleadings and orders cited in this procedural history section, both from the case below (Nos. 170-184) and from the prior "emergency" appellate motion in a related appeal (Nos. 3, 4, 6) are attached as Exhibit 1.

*subject to appropriate conditions*, Doe would not oppose a stay pending appeal on the monetary portion of the court's order.  *Id.* at ECF No. 4, 5/17/13.  The Ninth Circuit motion panel denied the stay application without prejudice.  *Id.* at ECF No. 6, 5/20/13.

Around the same time that the first emergency motion went to the Ninth Circuit, undersigned counsel attempted to meet and confer with all of the Prenda Parties regarding the appropriate amount and conditions on an appellate bond.  C.D. Cal. No. 12-cv-8333, ECF No. 184 (meet and confer correspondence).  The Prenda Parties essentially ignored this meet and confer attempt (responding with bellicose nonsense) (*see id.*) and proceeded to post a bond in an amount of their own choosing, without addressing any of the substantive issues Doe had raised, and subject to no conditions.  *Id.* at ECF Nos. 170, 174.  Doe responded to Prenda's motion to have their bond approved, asking that it be approved subject to certain conditions, and asking that an additional bond be required to secure costs on appeal, which Doe argued should include attorney's fees on appeal, since the underlying case is a copyright action, which provides for attorneys fees as part of the "costs." *Id.* at ECF No. 175; *see Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007).  The district court agreed with Doe's arguments, and entered the proposed order drafted by undersigned counsel.  C.D. Cal. No. 12-cv-8333 at ECF Nos. 176, 177.

Again, without any attempt to meet and confer, one of the Prenda Parties, Paul Hansmeier, then proceeded to file an "Emergency Motion for Clarification and Reconsideration"[2] of the district court's order conditionally approving the bond.  *Id.* at ECF No. 180, 6/10/13.[3]  Perplexingly, this motion to the district court seeking to

---

[2] Essentially, an improper ex parte application, since there is no provision for "emergency" motions under District Court Local Rules in the Central District of California.

[3] Although the "emergency" motion to the district court is dated June 10, 2013 on the docket, since it was paper filed, it was not actually transmitted on the docket until 3:27 P.M. June 12, 2013.

address the conditional approval of the appellate bond makes many of the same arguments now being simultaneously made to the Ninth Circuit motion here in the instant motion. *Id.* Doe duly responded to the district court "emergency" motion, within 24 hours, addressing most of the substantive points now being raised in two different courts at the same time. *Id.* at ECF Nos. 183, 184.

After waiting approximately 72 hours after first giving notice, while steadfastly refusing multiple requests to specify the date certain by which they would be seeking relief (*id.* at ECF No. 184), Prenda Law, Inc., through its special counsel, filed the instant "emergency" motion on Friday afternoon June 14, 2013.

**(b)     The Ninth Circuit Should Take No Action Until The District Court First Decides the Emergency Motion for Clarification and Reconsideration**

As a result of the Prenda Parties *continuing* bad faith, in response to Prenda's arguments on the bond issue, Doe has asked that the District Court strike plaintiff's complaint *with prejudice* as a sanction. *Id.* at ECF No. 183, pp. 3-6. If the district court does so, it would essentially moot the main issue about which the Prenda Parties are currently complaining: namely, whether their appellate bond should provide security for Doe's attorney's fees on appeal. Doe would therefore respectfully request that this Court take no action until the instant issues are determined in the first instance by the district court.

**(c)     Prenda's Emergency Motion Should, Eventually, Be Denied on the Merits**

In addition, there *has* been a "material alteration" of the legal relationship between the parties in that, as a direct result of the district court action, the Prenda Parties are all now being formally investigated for criminal misconduct. Thus, under the *highly* unusual factual circumstances of this case, Doe should be

considered a prevailing party under the Copyright Act, and that the bond for costs fees on appeal should include attorney's fees.[4]

Substantively, Doe will not repeat here the arguments already made to the district court on the questions now before both the district court and this court. Instead, this court is respectfully referred to the opposition below, at C.D. Cal. No. 12-cv-8333, ECF No. 183.

However, upon review of the instant emergency motion to the Ninth Circuit, Doe is compelled to address two additional points.

First, It is notable that the "emergency" two courts are being asked to address simultaneously is framed in terms of guarding against the *non-monetary* aspects of the sanction order taking effect (Rule 27-3 Certificate, at ECF No. 3-1). Specifically, Mr. Hansmeier, an attorney, complains that he will be irreparably harmed if the fact he has been found to have engaged in "brazen misconduct and relentless fraud" (C.D. Cal. No. 12-cv-8333 at ECF No. 130) would irreparably harm his legal career. *Id.* Although *that* is supposedly the "emergency," the majority of Mr. Hansmeier's briefing is then focused *not* on avoiding the inevitable reputational harm that will accrue given his role in Prenda's fraudulent litigation scheme, but rather on avoiding paying more money in the form of an appellate bond. With respect to the money, there is no "emergency"; either the bond should include attorney's fees on appeal, or not, but misusing two courts' ex-parte and emergency procedures is no way to go about seeking a reduction in the dollar amount of a bond.

Second, aside from conclusory statements in the Affidavit of Paul Duffy filed in this action (ECF No. 9-3)[5] there is no evidence whatsoever that the Prenda Parties cannot afford secure an additional bond in the amount ordered by the district court.

---

[4] This is no idle concern, given that the Prenda Parties have turned a single district court action into an eight-headed hydra on appeal, with seven different parties filing eight different, and apparently uncoordinated appeals, all dealing with the same subject matter.

[5] Tellingly, Mr. Duffy's affidavit was ***not*** filed in the collateral proceeding before Judge Wright, who is obviously already very familiar with Prenda's complex national operations.

Mr. Duffy avers that "Prenda Law is currently winding down its operations and is in the process of dismissing its remaining cases." *Id.* at ¶ 3.  In marked contrast to Mr. Duffy's statement under penalty of perjury, another Prenda principal, John Steele, recently told the adult industry news outlet AVN just the opposite.  According to a May 7, 2013 article in AVN, "For his part, Steele told AVN that it is his understanding that Livewire Holdings, one of the entities identified by Judge Wright—by way of an actual Prenda relationship chart included in the order—as being a member of the Prenda family, 'is filing multiple new cases this week.'"[6] Since being severely sanctioned, Prenda has continued its litigation scheme unabated—the only difference has been a move from copyright cases in federal courts, to cases filed in St. Clair County, Illinois, for state law "computer hacking" claims.  Thus, when Mr. Duffy averred here that "Because Prenda law has not filed any new *copyright infringement* cases in several months," (*id.* at ¶ 4) (emphasis added) Prenda cannot pay an additional bond, he is pulling a fast one.  Prenda has indeed largely given up filing *copyright infringement* suits, but they continue to file suits for "computer hacking" in state courts.[7]   For example, in one case in St. Clair County, Illinois, that is still ongoing, Prenda has received leave to issue subpoenas to over 300 different Internet Service Providers, for information on perhaps tens of thousands of Internet users, from all over the country.  *LW Systems, LLC v. Christopher Hubbard*, Circuit Court of St. Clair County, Illinois, No. 13-L-15. Exhibit 2.  More recently still, on April 17, 2013, Mr. Duffy filed *Peg Leg Productions, LLC v. Charter Communications*, Circuit Court of St. Clair County, Illinois, No. 13-MR-142, which is yet another *new* suit where the Prenda lawyers are

---

[6] http://business.avn.com/articles/legal/Sanctioned-Copyright-Lawyer-Says-He-Will-Appeal-Judge-s-Order-516284.html  Exhibit 4.  (*nsfw* due to ads).

[7] Once Prenda obtains Internet user information in a "computer hacking" case in state court, it then sends these people letters which threaten to tell their neighbors they are downloading pornography (unless they pay a settlement), and citing the copyright infringement statutory damage award in the Jamie Thomas-Rasset case as an example of the kinds of damages these people can expect to pay in their "computer hacking" cases.  Exhibit 5.

seeking to threaten people with pornography allegations to leverage improper settlements.  Mr. Duffy should be familiar with that case, since he signed the complaint.  <u>Exhibit 3</u>.  These kinds of misrepresentations are, unfortunately, entirely typical of Prenda Law, Inc. and its attorneys.

     In short, before any court believes the Prenda Parties' protestations of poverty, they should require the Prenda Parties to share some hard numbers.  Based on the St. Clair County, Illinois, cases alone, there can be little doubt that Prenda continues to engage in essentially the same scheme (albeit now in state court guise) that Judge Wright sanctioned them for in the instant proceedings.  This factor, too, weighs heavily against staying the non-monetary aspects of the district court's sanctions order.  The Prenda Parties have made clear that they will not stop or even pause their fraudulent litigation scheme, which makes the non-monetary parts of the district court's order here all the more appropriate.

     For the foregoing reasons, Doe respectfully requests that the Ninth Circuit take no action on the instant "emergency" motion until the district court first resolves the collateral proceeding below addressing the same subject matter.

Respectfully submitted,
DATED: June 17, 2013                              THE PIETZ LAW FIRM

                                                                              */s/ Morgan E. Pietz*

                                                                              Morgan E. Pietz
                                                                              THE PIETZ LAW FIRM
                                                                              Attorney for Putative John Doe

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of Court of the United States Court of Appeals for the Ninth Circuit using the CM/ECF system, which will send notification of such filing to all participants in the case who are registered CM/ECF users.

I further certify that some of the participants in the case are not registered CM/ECF users, and that I caused the foregoing to be mailed via the United States Postal Service to the non-CM/ECF participants listed in the "Service List" below.

Respectfully submitted,
DATED: June 17, 2013                          THE PIETZ LAW FIRM


                                              */s/ Morgan E. Pietz*

                                              Morgan E. Pietz
                                              THE PIETZ LAW FIRM
                                              Attorney for Putative John Doe


## SERVICE LIST

Nicholas R. Ranallo
Law Offices of Nicholas Ranallo
371 Dogwood Way
Boulder Creek, CA 95006