# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| INGENUITY 13 LLC, | 9th Circuit Docket No. 13-55881 |
|     Plaintiff, | [Related Circuit Docket No. 13-56028] |
| and | Los Angeles No. 2:12-cv-0888-ODW-JC |
| PRENDA LAW, INC., | Central District of California |
|     Movant – Appellant, | |
| v. | |
| JOHN DOE, | |
|     Defendant - Appellee. | |

**REPLY IN SUPPORT OF EMERGENCY MOTION UNDER CIRCUIT RULE 27-3**

**APPELLANT PRENDA LAW, INC.S REPLY IN SUPPORT OF ITS MOTION FOR ORDER VACATING OR MODIFYING THE DISTRICT COURT'S AMENDED ORDER DENYING IN PART AND GRANTING IN PART RESPONDENT PAUL DUFFY'S MOTION FOR APPROVAL OF BOND (DKT. NO. 17O); STAYING ENFORCEMENT OF AMENDED ORDER; AND/OR CONSOLIDATING THE APPEAL OF THE AMENDED ORDER (DKT. NO. 177) WITH THE ORIGINAL APPEAL OF THE MAY 6, 2013, SANCTIONS ORDER**

## CIRCUIT RULE 27-3 CERTIFICATE

### I.     CONTACT INFORMATION FOR ATTORNEYS OF THE PARTIES

The telephone numbers, e-mail addresses, and office addresses of the attorneys for the parties are set forth as follows:

*Attorneys for Putative John Doe Appellant/Defendant*

Morgan Pietz
The Pietz Law Firm
3770 Highland Ave., Suite 206
Manhattan Beach, CA  90266
mpietz@pietzlawfirm.com
**Tel: 310.424.5557**

Nicholas Ranallo
371 Dogwood Way
Boulder Creek, CA  95006
nick@ranallolawoffice.com
**Tel: 831.703.4011**

*PRO SE PARTIES*

Paul Duffy
2 N. La Salle St., 13th Floor
Chicago IL 60602
Paulduffy2005@gmail.com
Tel: (312) 952-6136
Fax: (312) 952-6136
pduffy@pduffygroup.com
paduffy@wefightpiracy.com

Paul Hansmeier
Alpha Law Firm, LLC
900 IDS Center
80 South 8th Street
Minneapolis, MN  55402
prhansmeier@thefirm.mn
Tel:  (612) 234-5744
Fax: (612) 234-5744
prhansmeier@thefirm.mn

Brett Langdon Gibbs
38 Miller Ave., #263
Mill Valley, CA  94941
Tel: (415) 381-3104
Brett.gibbs@gmail.com

John Steele
1111 Lincoln Rd., Suite 400
Miami Beach, FL  33139
Tel:  (708) 689-8131
Fax:  None
Email:  johnlsteele@gmail.com

i

## *PRO SE PARTIES (cont.)*

Ingenuity 13, LLC
2100 M Street Northwest
Suite 170-417
Washington, DC  20037
Tel:  (888) 588-9473
Fax: (888) 964-9473
admin@livewireholdings.com

AF Holdings, LLC
Springates East
Government Road
Charlestown, Nevis
Tel:  (888) 588-9473
Fax: (888) 964-9473
admin@livewireholdings.com

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRENDA LAW, INC.'S REPLY IN SUPPORT OF ITS EMERGENCY MOTION

## I. INTRODUCTION

The putative John Doe has not offered one legal authority or argument directly controverting the authorities and arguments presented by Appellant/Movant Prenda Law, Inc. ("Prenda Law") in its Emergency Motion seeking relief from an order requiring the posting of a second appellate bond and imposing multiple onerous, yet superfluous and unlawful, conditions as a prerequisite to Prenda Law's continuing appeal of the District Court's sanctions orders of May 6, 2013. Instead, John Doe asks this Court to consider his or her opposition to another appellant's (Paul Hansmeier's) motion in the underlying District Court, notwithstanding that Hansmeier's and Prenda Law's motions cite to different case law and request different remedies. Thereafter, John Doe, in a continuing campaign to misrepresent the record, conflates a myriad set of facts and issues in order to impute to Prenda Law the acts and/or omissions of others.[1] Finally, in one last desperate act, John Doe requests this Court to stay adjudication of Prenda Law's Motion so that the District Court might consider Doe's request for

---

[1] *E.g.*, stating that the "Prenda Parties" filed an emergency motion with this Court following the District Court's issuance of its May 6, 2013, sanctions order when, in fact, only one of the numerous appellants – Hansmeier – filed such a motion. (Ct. of App. Dkt. No. 10-1, 2.)

1

entry of a dismissal with prejudice of the underlying copyright action – a request Prenda Law has already shown to be unlawful.[2]

John Doe's lack of opposition, combined with the unrebutted facts and legal authorities presented in Prenda Law's Motion, should result in only one conclusion – this Court should (i) vacate in its entirety the District Court's June 11, 2013, amended order imposing a second bonding requirement and other onerous, yet legally unsupported conditions on the appellants' bonds and (ii) issue a new order establishing the sufficiency of the supersedeas bond already posted with the District Court and staying enforcement of all sanctions and penalties orders arising from the underlying order to show cause proceedings.

## II. LEGAL ARGUMENT

### A. John Doe's Opposition Is Deficient Because It Does Not Offer A Single Legal Authority Contravening Prenda Law's Motion

John Doe, through his or her counsel and only interested appellee in this matter, Morgan Pietz, has filed an opposition to Prenda Law's Motion that fails to rebut even one of Prenda Law's legal arguments. This alone should be sufficient to show this Court that Prenda Law's Motion is valid on its face. However, even if this Court were to consider Pietz's invitation to review his opposition to the emergency motion filed by co-appellant Paul Hansmeier in the District Court, that

---

[2] *See* Ct. of App. Dkt. Entry No. 9-1, 11 fn. 38; American Soccer Co. v. Score First Enters., 187 F.3d 1108, 1112 (9th Cir. 1999).

review would show that Pietz once again relies upon case law for one proposition, when the case relied upon states just the opposite is true.[3] Just as disturbing, this is not the first time that Pietz has used such questionable tactics in its briefing.[4]

### 1. *Cadkin v. Loose* expressly states that a dismissal without prejudice does not alter the legal relationship of the parties.

In Pietz's opposition to Hansmeier's emergency motion in the District Court, he cites to the Supreme Court case of Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001) ("*Buckhannon*") and Cadkin v. Loose, 569 F.3d 1142 (9th Cir. 2009) for the proposition that the District Court's unlawful sanctions order has somehow materially altered the legal relationship between his client – who never even appeared in the underlying litigation – and Prenda Law, who was counsel of record, but not a party to the underlying case.[5] While *Cadkin* does generally state that such an alteration **between the parties** might apply in the copyright context, the case itself specifically analyzed whether a dismissal without prejudice filed in a copyright case arose to a material alteration of the parties' legal relationship. *See* Cadkin, 569 F.3d at 1149-50.

---

[3] District Court Dkt. No. 183, 2:13-20, citing to Cadkin v. Loose, 569 F.3d 1142 (9th Cir. 2009).
[4] District Court Dkt. No. 175, 10:1-23, citing to a 2-justice dissent in Celotex Corp. v. Edwards, 514 U.S. 300 (1995) for the proposition that a district court may impede upon the jurisdiction of the Bankruptcy Court, when the majority clearly stated such was not the case.
[5] District Court Dkt. No. 183, 2:13-3:12.

3

This Court's conclusion was that such a dismissal <u>cannot</u> alter the legal relationship, begging the question as to why John Doe and Pietz relied on this case for their arguments when they know that the underlying matter was dismissed without prejudice pursuant to FRCP, Rule 41(a)(1) on January 28, 2013. Id. Finally, Pietz does not reconcile the facts that neither his client nor Prenda Law was a party to the underlying litigation, thereby further de-emphasizing the general legal effects of *Buckhannon* and *Cadkin*, while emphasizing that John Doe and Pietz are more than willing to make specious legal arguments. Clearly, the voluntary dismissal undermines all efforts John Doe and Pietz have made to further encumber Prenda Law in its appeal.

**2.  The District Court cannot vacate a dismissal requested pursuant to FRCP, Rule 41(a)(1); therefore, John Doe's request for a stay is inappropriate.**

At subsection (b) of its response, John Doe requests this Court to stay its adjudication of Prenda Law's Emergency Motion so that the District Court may consider his or her request to strike the underlying plaintiff's complaint with prejudice as a sanction and to determine John Doe a prevailing party. The request is truly Machiavellian, as the alleged effect would be to permit John Doe and Pietz to argue that the Copyright Act permits their request for bonding of attorneys' fees during Prenda Law's appeal. But as previously argued, the District Court has no

4

jurisdiction by which to enter such an order or to even consider Pietz's request along those same lines.[6] *See* American Soccer Co. v. Score First Enters., 187 F.3d 1108, 1112 (9th Cir. 1999)(holding that an FRCP Rule 41(a) dismissal is effective upon filing and removes the District Court's jurisdiction over the action) (hereinafter, "*American Soccer*").[7] Furthermore, neither John Doe nor Pietz were parties to the underlying litigation, begging the question how one prevails in a copyright infringement action when you have not been formally alleged to have violated the Copyright Act. Simply, this Court should not stay its adjudication of Prenda Law's Emergency Motion to permit the District Court to make an unlawful order.

**B.     John Doe Conflates the "Facts" Without Evidentiary Support To Confuse The Court**

It is clear that John Doe has no legal authorities by which to defend its opposition, so it relies on the tactic of misrepresenting and conflating the "facts" to poison the well against Prenda Law. For ease of clarity, Prenda Law will address the most significant representations in the order they are made:

---

[6] *See* Ct. of App. Dkt. Entry No. 9-1, 11 fn. 38.

[7] Prenda Law notes that Pietz has failed to share with the District Court the holding of *American Soccer*, while maintaining on behalf of himself and his client the request to vacate the earlier dismissal so that the District Court may enter a dismissal with prejudice and determine a prevailing party.

5

1. The underlying May 6, 2013, order imposing sanctions stated that the sanctions were to be paid to John Doe, not Pietz, as incorrectly stated in his opposition to the Emergency Motion at page 2.[8]

2. Only Prenda Law's co-appellant, Paul Hansmeier, filed an emergency motion with this Court in direct reaction to the May 6, 2013, order.[9] Prenda Law filed a Notice of Appeal and the aforementioned Application for an Order Staying Proceedings and Enforcement of Order Issuing Sanctions Pending Appeal.[10]

3. The District Court stated in its May 21, 2013, order denying Prenda Law's Application for an Order Staying Proceedings and Enforcement of Order Issuing Sanctions Pending Appeal[11] that Prenda Law and similarly situated appellants need only post a bond in the amount of the sanctions order (just over $81,000). Thus, what Pietz wanted was a moot issue. A bond in the amount of $101,650 was posted the very next day.

4. To assist all interested parties in the appeals process, Prenda Law provided notice on June 11, 2013 (the date of the District Court's amended order), of its intent to appeal and move this Court on an emergency basis to vacate or modify the District Court's amended order imposing a second bonding requirement

---

[8] District Court Dkt. No. 130, 10:11-14, 11:10-12.
[9] Ct. of App. Dkt. Entry No. 3-1, Appellate Court case number 13-55859.
[10] District Court Dkt. No. 157.
[11] District Court Dkt. Nos. 157 (Prenda Law's Notice of Appeal and Application), 164:2, 6-10 (Court's Order denying Application).

6

and the numerous, onerous conditions to apply thereto. That notice provided the legal and factual bases for the motion and cited to specific case law used in the motion. Counsel for Prenda Law disclosed that he had to be in San Jose on June 12, but would commence preparation of the emergency motion on June 13 and provide all counsel the finished motion on June 14. Counsel provided the initial draft version of the motion just before 10 a.m. on June 14 and served a finished and executed copy later that day. The final version was nearly identical in content to the draft version earlier provided to counsel. Thus, Pietz's implication that Prenda Law somehow was dilatory in its motion is completely without merit.

5. Neither John Doe nor Pietz has presented this Court with any evidence that John Steele is a "principal" of Prenda Law; therefore, neither can impute the actions of Mr. Steele to Prenda Law. Furthermore, Pietz discloses that Steele had stated that Livewire Holdings was filing multiple new cases. Pietz ignores the separate corporate forms of Livewire Holdings and Prenda Law when imputing the activities of Livewire Holdings to Prenda Law.

6. Pietz's exhibits purportedly evidencing that Prenda Law continues to file lawsuits shows only that co-appellant Paul Duffy serves as an attorney of record in lawsuits initiated in January and April 2013. Nowhere is Prenda Law mentioned in the Complaint. If anything, these exhibits support Mr. Duffy's affidavit in which he states that Prenda Law is winding down its business and has not filed any new

7

cases in months. Again, Pietz conflates the corporate form of Prenda Law, but this time with the individual Paul Duffy.

### III. CONCLUSION

Prenda Law has clearly maintained its burden in seeking an order vacating the District Court's amended order of June 11, 2013, imposing the onerous bonding requirements as prerequisites to Prenda Law's appeal. John Doe, whoever he or she might be, and the truly interested appellee, Morgan Pietz, have received sufficient security to insure the underlying, but unlawful sanctions order issued by the District Court. For the reasons listed herein and in its preceding Emergency Motion, Prenda Law requests this Court to issue an order vacating or modifying the District Court's Jun e 11, 2013, amended order and staying enforcement of all sanctions and penalties orders arising from the underlying order to show cause proceeding now on appeal before this Court.

Respectfully submitted this 17th day of June, 2013.

Klinedinst PC

DATED: June 17, 2013            By: /s/ Heather L. Rosing
                                    Heather L. Rosing
                                    David M. Majchrzak
                                    Philip W. Vineyard
                                    Attorneys Specially Appearing for
                                    PRENDA LAW, INC.