# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| INGENUITY 13 LLC<br><br>    Plaintiff<br> and<br><br>PRENDA LAW, INC.,<br><br>    Movant-Appellant<br><br> v.<br><br>JOHN DOE,<br><br>    Defendant-Appellee. | Ninth Circuit Case No. 13-55881<br><br>[Related Ninth Circuit Case Numbers: 13-56028; 13-55859; 13-55871; 13-55880; 13-55882; 13-55883; 13-55884]<br><br>On appeal from the United States District Court for the Central District of California, C.D. Cal. No. 2:12-cv-8333-ODW Honorable Otis D. Wright, II, District Judge<br><br>**SUPPLEMENTAL RESPONSE TO EMERGENCY MOTION** |

# SUPPLEMENTAL RESPONSE

The putative John Doe defendant-appellee ("Doe") in this action, by and through counsel, hereby further responds to the Emergency Motion Under Circuit Rule 27-3 filed by movant–appellant Prenda Law, Inc. ("Prenda") on June 14, 2013 (ECF No. 9).

**(a)     Summary of Relevant Procedural History**

The case below, *Ingenuity 13, LLC v. John Doe*, C.D. Cal. No. 12-cv-8333-ODW, involves four attorneys (John Steele, Paul Hansmeier, Paul Duffy, and Brett Gibbs), their law firm (Prenda Law, Inc.), and their two purported "clients" (Ingenuity 13, LLC and AF Holdings, LLC) (collectively, the "Prenda Parties").

The District Court, by its Order Issuing Sanctions dated May 6, 2013, severely sanctioned each of the Prenda Parties for their conduct of fraudulent copyright infringement litigation, awarding double attorneys fees to the putative John Doe defendant represented by undersigned counsel. C.D. Cal. No. 12-cv-8333 ECF No. 130.  The attorney's fee award was made payable jointly and severally by all seven of the Prenda Parties.  *Id.*  In addition to awarding monetary sanctions, the District Court made a number of devastating factual findings, and referred the four attorneys to the U.S. Attorney's Office and to the IRS Criminal Investigation Division for investigation.  *Id.*

The Prenda Parties were ordered to pay the attorney's fees to undersigned counsel within 14-days.  *Id.*  They did not do so.  Instead, they filed a first "emergency" motion, for a stay pending appeal directly to the Ninth Circuit, without first raising that issue in the District Court, and without posting a bond.  Ninth Cir. Case No. 13-55859, ECF No. 3, 5/16/13.[1]  Undersigned counsel responded to that motion, opposing a stay with respect to the non-monetary aspects of the District

---

[1] For the Court's convenience, a collection of the relevant pleadings and orders cited in this procedural history section, both from the case below (Nos. 170-184) and from the prior "emergency" appellate motion in a related appeal (Nos. 3, 4, 6) were previously attached as exhibits to ECF No. 10.

Court's sanctions order, but noting that *if an appropriate bond was first posted, subject to appropriate conditions*, Doe would not oppose a stay pending appeal on the monetary portion of the court's order. *Id.* at ECF No. 4, 5/17/13. The Ninth Circuit motion panel denied the stay application without prejudice. *Id.* at ECF No. 6, 5/20/13.

Around the same time that the first emergency motion went to the Ninth Circuit, undersigned counsel attempted to meet and confer with all of the Prenda Parties regarding the appropriate amount and conditions on an appellate bond. C.D. Cal. No. 12-cv-8333, ECF No. 184 (meet and confer correspondence). The Prenda Parties essentially ignored this meet and confer attempt (responding with bellicose nonsense) (*see id.*) and proceeded to post a bond in an amount of their own choosing, without addressing any of the substantive issues Doe had raised, and subject to no conditions. *Id.* at ECF Nos. 170, 174. Doe responded to Prenda's motion to have their bond approved, asking that it be approved subject to certain conditions, and asking that an additional bond be required to secure costs on appeal, which Doe argued should include attorney's fees on appeal, since the underlying case is a copyright action, which provides for attorneys fees as part of the "costs." *Id.* at ECF No. 175; *see Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). The District Court agreed with Doe's arguments, and entered the proposed order drafted by undersigned counsel. C.D. Cal. No. 12-cv-8333 at ECF Nos. 176, 177.

Again, without any attempt to meet and confer, one of the Prenda Parties, Paul Hansmeier, then proceeded to file an "Emergency Motion for Clarification and Reconsideration"[2] of the District Court's order conditionally approving the bond.

---

[2] Essentially, an improper ex parte application, since there is no provision for "emergency" motions under District Court Local Rules in the Central District of California.

*Id.* at ECF No. 180, 6/10/13.[3]  Perplexingly, this motion to the District Court seeking to address the conditional approval of the appellate bond makes many of the same arguments made simultaneously to the Ninth Circuit motion here in the instant motion. *Id.*  Doe duly responded to the District Court "emergency" motion, within 24 hours, addressing most of the substantive points now being raised in two different courts at the same time. *Id.* at ECF Nos. 183, 184.

After waiting approximately 72 hours after first giving notice, while steadfastly refusing multiple requests to specify the date certain by which they would be seeking relief (*id.* at ECF No. 184), Prenda Law, Inc., through its special counsel, filed the instant "emergency" motion on Friday afternoon June 14, 2013.

A prior response, dealing with the fact that two motions requesting similar relief were pending simultaneously before both the Court of Appeals and the District Court was filed by Doe on June 17, 2013 (ECF No. 10), to which Prenda replied later that day (ECF No. 11).  Subsequently, the District Court acted on related motion below denying the relief requested therein, but resetting the deadline for compliance with the District Court's order below for 14-more days (*see* ECF No. 12).  This supplemental response is made to further address the merits, in view of the new procedural posture, given the District Court's recent rejection of the same arguments Prenda now makes here to the Court of Appeals.

**(b)    The District Court's Order on the Bond Should Not be Disturbed**

There can be no dispute that "costs" on appeal, as defined in Federal Rule of Appellate Procedure 7 can include attorney's fees, where attorney's fees are included as part of the costs in an applicable fee-shifting statute. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007).  There can also be no dispute that Section 101 of the Copyright Act of 1976 does just that, namely

---

[3] Although the "emergency" motion to the District Court is dated June 10, 2013 on the docket, since it was paper filed, it was not actually transmitted on the docket until 3:27 P.M. June 12, 2013.

provide a mechanism to award a prevailing party attorney's fees, as part of an action's costs. 17 U.S.C. § 505 (". . .the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."); *see also* 20-307 Moore's Federal Practice - Civil § 307.21 ("For example, the Copyright Act allows attorney's fees to be levied "as part of the costs. Therefore, in a copyright infringement case, the amount of the appeal bond may be set to cover the appellee's attorney's fees as well as other standard cost items on appeal.")

The only real question at issue is whether the Doe is "eligible to recover such fees" under the Copyright Act. *Azizian*, 499 F.3d at 953. Prenda argues that because Prenda dismissed the case voluntarily, and because the District Court initially relied upon its inherent sanctions power, rather than Section 505 of the Copyright Act, to award attorney's fees, this means that the Doe is ineligible for attorney's fees under the Copyright Act.

Doe disagrees, and urges the Court of Appeals to deny Prenda's emergency motion for several reasons.

First, Prenda has not made an adequate showing of an emergency. Aside from a few conclusory (and misleading) [4] statements by one of Prenda's principals, Paul Duffy, there is no proof or evidence whatsoever that Prenda would be unable to post the second bond and thus unable effectively pursue their various appeals. Further, even if *Prenda* were unable to post the additional bond required, that does not excuse the other six litigants. The liability in this case is joint and several among the Prenda Parties. However, no party to the case below other than Prenda Law, Inc. has moved the Court of Appeals for relief on the bond issue, or put forward any

---

[4] For example, Mr. Duffy's averment to the Court of Appeals that "Prenda law has not filed any new ***copyright infringement*** cases in several months" may be true, technically, but it is undoubtedly misleading, given that Prenda continues to file and profit from new state court cases in St. Clair County, Illinois. The specifics of Mr. Duffy's dubious statements to this Court were addressed previously here at ECF No. 10-1 at 5–6.

evidence of an inability to pay.[5] This is merely the latest in a series of eleventh hour please for relief filed in improper fashion (this time, filing essentially the same motion in two courts at the same time), and an emergency has not been demonstrated.

Second, setting the amount and conditions for an appellate bond is an issue committed to the sound discretion of the District Court, which is more familiar with the facts of the case and—as is an issue here—better positioned to see through factual misrepresentations made by the Prenda Parties. *See Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987) (reviewing District Court's order on bond for abuse of discretion); *United States ex rel. Terry Inv. Co. v. United Funding & Investors Inc.*, 800 F. Supp. 879, 882 (E.D. Cal. 1992) (Appellate Rule 7 furnishes District Court with power to require filing of bond to ensure payment of costs on appeal); *see also* 20-307 Moore's Federal Practice - Civil § 307.20 ("The determination of the nature and amount of the bond for costs is within the sound discretion of the District Court"). If it was error to order the Prenda Parties to secure payment of appellate attorney's fees as part of their appellate bond, the error does not rise to an abuse of discretion, under the highly unique circumstances of this action.

Third, Doe is and should be *eligible* for prevailing party attorney's fees under section 505 of the Copyright Act. The fact that the District Court chose to award double attorney's fees based on the Court's inherent authority, because of the Prenda Parties bad faith, and because Prenda tried to hit the eject button (per Fed. R. Civ. Proc. 41(a)) when their fraud was uncovered, does not settle the mater. In other words, regardless of whether the District Court relied on Section 505 of the Copyright Act, or on its inherent sanctions power, the question on review now is

---

[5] Brett Gibbs did move the District Court and aver that he could not pay the sanctions order, but he has not done so in the Court of Appeals. Also, John Steele joined in Paul Hansmeier's motion to the District Court for relief from the bond requirement, but neither of those parties evidenced an inability to pay.

whether Doe was *eligible* to receive a statutory fee award, not whether such an award was actually made below.

Fourth, the Doe in this case should be considered a prevailing party under the applicable standard, as enunciated in *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001), and as applied to copyright cases on this Circuit by *Cadkin v. Loose*, 569 F. 3d 1142, 1145 (9th Cir. 2009) (holding that *Buckhannon*'s material alteration test applies to § 505 of the Copyright Act).

Simply, there should ***not*** be a bright line rule that a voluntary dismissal without prejudice *never* results in the creation of a prevailing party, because such a rule would serve to foment so-called "trolling." *Cadkin* has been distinguished where, as here, the plaintiff engaged in bad faith and a "pattern of litigation, whereby plaintiff files frivolous lawsuits only to voluntarily dismiss them once the defendant" responds. *See Flury v. CSC Credit Servs.*, 2012 U.S. Dist. LEXIS 11731 at *3 (D. Ariz. Feb. 1, 2012) (distinguishing *Cadkin* and awarding defendant attorney's fees and costs where plaintiff had dismissed case voluntarily, but Court denied plaintiff's motion to amend due to futility and dismissed complaint with prejudice).

Doe would respectfully argue that distinguishing this case from *Cadkin* on the same basis, even though the dismissal here was without prejudice, would still be consistent with the *Buckhannon* material alteration test, and would better serve the goals previously recognized on this Circuit in *Corcoran v. Columbia Broad. Sys.*, 121 F.2d 575, 576 (9th Cir. 1941) (asking whether the voluntary dismissal was a "catalyst" for beneficial results and looking to the policy underlying the Copyright Act when determining prevailing party status) *overruled by Cadkin v. Loose*, 569 F.3d 1142 (9th Cir. 2009). In view of the significant problems caused by patent and,

now, copyright troll cases,[6] it is appropriate for this Court to swing the pendulum ever so slightly back toward *Corcoran*, to give District Courts broader discretion to curtail abusive "troll" suits.

Moreover, here, due to the highly unusual circumstances of this case, notwithstanding the fact that the dismissal was without prejudice, there has still been a "material alteration" of the parties' legal relationship.

Although plaintiff voluntarily dismissed this case on January 28, 2013[7] the litigation then continued for several more months as a sanctions proceeding. Substantial time and effort was then expended by counsel for Doe to fully inform the District Court of the scope of the Prenda Parties' fraudulent nationwide copyright litigation activities. Appropriate sanctions then duly issued, whereby Doe was awarded double attorneys fees, based on the inherent sanction power of the Court. *See* C.D. Cal. No. 12-cv-8333 at ECF No. 130.

In considering a copyright case, the Seventh Circuit has noted that, when costs have been awarded not under the Copyright Act, but per Fed. R. Civ. Proc. 54, "only the 'prevailing party' is entitled to costs. Because Midwest is the prevailing party for regular costs, it must be the prevailing party for the purpose of § 505, which allows an award of attorneys' fees as part of costs." *Riviera Distributors, Inc. v. Jones*, 517 F. 3d 926, 928 (7th Cir. 2008). The same rationale applies here where

---

[6] The term "copyright troll" was recently defined by Judge Baylson in a Memorandum Report by Judge Baylson of the Eastern District of Pennsylvania, E.D. Pa. No. 12-cv-2078, ECF No. 203, 6/18/13 as "a non-producer who merely has acquired the right to bring lawsuits against alleged infringers," which is exactly what Judge Wright found the Prenda Parties were doing here. Further, Judge Baylson also noted at footnote 1 (*id.*) that "President Obama has personally condemned the practice of copyright trolls and patent trolls clogging the courts, see White House, Fact Sheet: White House Task Force on High-Tech Patent Issues (2013), available at http://www.whitehouse.gov/the-press-office/2013/06/04/fact-sheet-white-house-task-force-high-tech-patent-issues, and Chief Federal Circuit Judge Randall Rader, in a recent New York Times article, made similar comments, see Randall R. Rader et al., Make Patent Trolls Pay in Court, N.Y. Times, June 4, 2013, available at http://www.nytimes.com/2013/06/05/opinion/make-patent-trolls-pay-in-court.html"

[7] The case was voluntarily dismissed by plaintiff in a transparent attempt to avoid limited early discovery propounded by Doe, which delved into plaintiff's fraudulent activities. *See* C.D. Cal. No. 12-cv-8333 at ECF Nos. 23 and 32.

Doe has not only been awarded costs, but also attorney's fees, as a matter of the court's inherent sanction power.  In other words, the fact that attorney's fees and costs were already awarded, but under a different theory, should be enough to effect a material alteration of the legal relationship between the parties.

In addition, the parties' legal relationship has been materially altered because the Prenda Parties are now under criminal investigation *for their conduct in the District Court action*. The Prenda Parties have been specifically found to be running a fraudulent RICO enterprise.  C.D. Cal. No. 12-cv-8333.  Such a finding is absolutely the kind of judicial determination, bearing the Court's imprimatur, that has changed the relationship of not just this particular John Doe to Prenda, but of all similarly situated John Does to Prenda.

Accordingly, Doe respectfully requests that the Motions Panel deny the instant "emergency" motion in its entirety and leave the bond to the District Court's sound discretion.  If the Court is inclined to consider the issue further, Doe would have no objection to consolidating this issue with the one or all of the other seven appeals already pending to the Ninth Circuit from the action below.  After all, the multiple disparate appeals now pending from the same case below is one reason the appellate bond is so high in the first place.  However, if the Court is inclined to consider these issues more fully, Doe would object to staying the District Court's order directing the Prenda Parties to post the additional bond absent further, hard proof that they cannot afford to do so.  If the Prenda Parties could produce such proof, they should have done so by now.  If the Court ultimately decides that the appellate bond here should not have included attorney's fees on appeal, it can resolve that issue as part of the main appeal(s), but the Prenda Parties should post the additional bond in the meantime, given that they have not met their burden on this motion.

//

Respectfully submitted,

DATED: June 25, 2013 THE PIETZ LAW FIRM

*/s/ Morgan E. Pietz*

Morgan E. Pietz
THE PIETZ LAW FIRM
Attorney for Putative John Doe

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of Court of the United States Court of Appeals for the Ninth Circuit using the CM/ECF system, which will send notification of such filing to all participants in the case who are registered CM/ECF users.

I further certify that some of the participants in the case are not registered CM/ECF users, and that I caused the foregoing to be mailed via the United States Postal Service to the non-CM/ECF participants listed in the "Service List" below.

Respectfully submitted,

DATED: June 25, 2013 THE PIETZ LAW FIRM

*/s/ Morgan E. Pietz*

Morgan E. Pietz
THE PIETZ LAW FIRM
Attorney for Putative John Doe

## SERVICE LIST

N/A