# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| INGENUITY 13 LLC, <br><br> Plaintiff, <br><br> and <br><br> PRENDA LAW, INC., <br><br> Movant – Appellant, <br><br> v. <br><br> JOHN DOE, <br><br> Defendant - Appellee. | 9th Circuit Docket No. 13-55881 <br><br> [Related Circuit Docket No. 13-56028] <br><br> Los Angeles No. 2:12-cv-0888-ODW-JC <br> Central District of California |

## APPELLANT'S/MOVANT'S REPLY TO PUTATIVE JOHN DOE'S SUPPLEMENTAL RESPONSE TO EMERGENCY MOTION UNDER CIRCUIT RULE 27-3

APPELLANT / MOVANT PRENDA LAW, INC.S REPLY TO PUTATIVE JOHN DOE'S SUPPLEMENTAL RESPONSE TO PRENDA LAW, INC.'S MOTION FOR ORDER VACATING OR MODIFYING THE DISTRICT COURT'S AMENDED ORDER DENYING IN PART AND GRANTING IN PART RESPONDENT PAUL DUFFY'S MOTION FOR APPROVAL OF BOND (DKT. NO. 17O); STAYING ENFORCEMENT OF AMENDED ORDER; AND/OR CONSOLIDATING THE APPEAL OF THE AMENDED ORDER (DKT. NO. 177) WITH THE ORIGINAL APPEAL OF THE MAY 6, 2013, SANCTIONS ORDER

# CIRCUIT RULE 27-3 CERTIFICATE

## I. CONTACT INFORMATION FOR ATTORNEYS OF THE PARTIES

The telephone numbers, e-mail addresses, and office addresses of the attorneys for the parties are set forth as follows:

*Attorneys for Putative John Doe Appellant/Defendant*

Morgan Pietz
The Pietz Law Firm
3770 Highland Ave., Suite 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
**Tel: 310.424.5557**

Nicholas Ranallo
371 Dogwood Way
Boulder Creek, CA 95006
nick@ranallolawoffice.com
**Tel: 831.703.4011**

*PRO SE PARTIES*

Paul Duffy
2 N. La Salle St., 13th Floor
Chicago IL 60602
Paulduffy2005@gmail.com
Tel: (312) 952-6136
Fax: (312) 952-6136
pduffy@pduffygroup.com
paduffy@wefightpiracy.com

Paul Hansmeier
Alpha Law Firm, LLC
900 IDS Center
80 South 8th Street
Minneapolis, MN 55402
prhansmeier@thefirm.mn
Tel: (612) 234-5744
Fax: (612) 234-5744
prhansmeier@thefirm.mn

Brett Langdon Gibbs
38 Miller Ave., #263
Mill Valley, CA 94941
Tel: (415) 381-3104
Brett.gibbs@gmail.com

John Steele
1111 Lincoln Rd., Suite 400
Miami Beach, FL 33139
Tel: (708) 689-8131
Fax: None
Email: johnlsteele@gmail.com

i

## *PRO SE PARTIES (cont.)*

Ingenuity 13, LLC
2100 M Street Northwest
Suite 170-417
Washington, DC  20037
Tel:  (888) 588-9473
Fax: (888) 964-9473
admin@livewireholdings.com

AF Holdings, LLC
Springates East
Government Road
Charlestown, Nevis
Tel:  (888) 588-9473
Fax: (888) 964-9473
admin@livewireholdings.com

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRENDA LAW, INC.'S REPLY TO PUTATIVE JOHN DOE'S SUPPLEMENTAL RESPONSE

## I. INTRODUCTION

The District Court's orders of May 6, 2013,[1] and May 20, 2013,[2] established the amount of the disputed appellate bonding at just over $81,000, but the putative John Doe and his or her attorney, Morgan Pietz,[3] seek additional sums ostensibly to finance their long term efforts to discredit Appellants in litigation across the country.[4] Pietz's first response to Prenda Law's motion, filed on June 17, 2013,[5] included not only a response to Prenda Law, but also a response to an unrelated motion filed by Co-Appellant Paul Hansmeier in the District Court, seeking clarification and reconsideration of the disputed orders. Those responses included

---

[1] District Court Dkt. No. 130, 10:11-17.

[2] District Court No. 164, 2:8-15.

[3] John Doe has neither been identified in, nor named to, the underlying litigation by Appellants or, more provocatively, by Pietz, himself. Given that it would be impossible for counsel to be retained by a fictional person, such as John Doe, Prenda Law hereinafter identifies the collective John Doe and Pietz as "Pietz."

[4] On June 17, 2013, the District Court revised its amended order regarding the requirements for a bond posting. Contrary to its earlier position, the District Court recognized that Prenda Law and its co-appellants had, in fact, diligently sought the required supersedeas bond and offered a temporary stay of enforcement of the amended order, ostensibly to permit this court to weigh in on Prenda Law's motion. Notwithstanding these concessions, most of the conditions upon which Prenda Law appealed and moved remain in the revised amended order. Prenda Law notified this court of the revised amended order on June 17, 2013 and, upon request from the Ninth Circuit, de-designated the "emergency" status of its motion.

[5] Appellate Court Dkt. Entry 10-1.

1

over 200 pages of unauthenticated and irrelevant exhibits, a repeated practice that both ensures inefficient use of the court's time and hefty legal bills for which Pietz now seeks insurance. Nonetheless, after having their responses taken to task for (i) failing to respond to Prenda Law's legal authorities; (ii) offering case law that is directly contrary to their stated positions; and (iii) misrepresenting the facts of the record, Pietz has filed a supplemental response that simply repeats the mistakes of the earlier responses. As was the case after Pietz's initial response, Prenda Law is entitled to an order vacating or modifying the District Court's amended order imposing additional bonding requirements and conditions on Prenda Law's continuing appeal.

## II.  LEGAL ARGUMENT

### A.  Pietz's Supplemental Response Misrepresents the Appropriate Standard of Review for Prenda Law's Motion

As Prenda Law has already properly described, the standard of review for the District Court's imposition of multiple bonding requirements, based entirely upon the Copyright Act's fee-shifting provision, is de novo. *See* 17 U.S.C. §505; Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 955 (9th Cir. 2007). Specifically, the *Azizian* Court stated in relevant part the following:

> Similarly, we ordinarily review a district court's attorney's fees decision for an abuse of discretion. *See Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005). However, "any elements of legal analysis and statutory interpretation

2

> underlying the district court's attorney's fees decision are reviewed de novo." *V.S. ex rel. A.O. v. Los Gatos-Saratoga Joint Union High Sch. Dist.*, 484 F.3d 1230, 1232 (9th Cir. 2007) (quoting *P.N. v. Seattle Sch. Dist., No. 1*, 458 F.3d 983, 985 (9th Cir. 2006), *amended by* 474 F.3d 1165 (9th Cir. 2007)) (internal quotation marks omitted).

*Id.* at 955. Nonetheless, having cited to *Azizian* for the general proposition that attorneys' fees awarded pursuant to an applicable prevailing party/fee-shifting statute may be insured by an appellate bond, Pietz completely ignore this court's discussion in *Azizian* of the *de novo* standard of review for the legal bases of such bonding. Instead, he cites to out-of-circuit, lower court, and secondary authorities for the general proposition that the *amount and nature* of an appellate bond are reviewed for an abuse of discretion.[6]

As argued in Prenda Law's motion, the District Court made numerous errors at law in its imposition of extra bonding requirements; *e.g.*, its reliance on the Copyright Act to include Pietz's attorneys' fees as a bonded cost; the court's lack of jurisdiction to adjudicate the merits of the copyright litigation; Pietz's lack of standing to receive a Copyright Act fees award; and the court's erroneous acceptance of post-judgment interest and delay damage arguments. Simply, and as stated by *Azizian*, the correct standard of review for these errors is de novo.

---

[6] Appellate Court Dkt. Entry 14, pg. 6, first full paragraph.

3

### B. Pietz Provides No Applicable Legal Authority For His Argument That John Doe "Is and Should Be Eligible For Prevailing Party Attorney's Fees"

#### 1. Pietz identifies a threshold issue and then fails to argue, both legally and factually, how it applies to his "client."

Initially, Pietz incorrectly argues that the District Court's use of inherent authority to sanction Prenda Law fails to "settle the matter."[7] He then provides one of the few correct, if only partially correct, statements of law in the supplemental response: "the question on review is whether Doe was *eligible* [emphasis in original] to receive a statutory fee award…"[8] But Pietz fails to follow up by describing or providing legal authority for why an unidentifiable, unnamed, non-appearing, and potentially non-existent John Doe would be eligible for attorneys' fees pursuant to a statute that no particular individual was alleged to have violated. Pietz never addressed Prenda Law's legal authorities concerning John Doe's or Pietz's lack of standing to seek attorneys' fees, the District Court's lack of jurisdiction, and/or the court's pronouncement that the sanctions order derived from its inherent authority, not the Copyright Act. This fatal flaw in Pietz's supplemental response is made even more egregious when this court considers that the first and second largest aspects of the underlying sanctions award were (i) the

---

[7] Appellate Court Dkt. Entry 14, pg. 6, second full paragraph.
[8] Appellate Court Dkt. Entry 14, pgs. 6-7, last and first two lines, respectively.

4

punitive doubling of the District Court's attorney's fees award and (ii) the fact that Pietz's attorney's fees were *voluntarily* incurred (i) by somebody who was *never* named to the litigation and (ii) *after* the dismissal of the copyright action.[9]

## 2. For a second time, Pietz requests a federal court to ignore Supreme Court precedent.[10]

Pietz argues that this Court erred when it provided the bright line rules that a voluntary dismissal pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 41(a)(1), both abrogates a district court's jurisdiction over a matter and precludes the finding of a prevailing party for purposes of awarding statutory attorneys' fees. *See* American Soccer Co. v. Score First Enters., 187 F.3d 1108, 1112 (9th Cir. 1999)(holding that an FRCP Rule 41(a) dismissal is effective upon filing and removes the District Court's jurisdiction over the action); Cadkin v. Loose, 569 F.3d 1142, 1149-50 (9th Cir. 2009)(holding that a dismissal without prejudice pursuant to FRCP Rule 41(a)(1) does not materially alter the legal relationship between a plaintiff and a defendant for purposes of prevailing party attorneys' fees). Pietz advocates a backslide to the bygone days of *Corcoran v. Columbia Broadcasting System, Inc.*, 121 F.2d 575 (9th Cir. 1941), a case this Court expressly described as "'clearly irreconcilable' with the Supreme Court's decision in

---

[9] District Court Dkt. No. 130, 10:4-17; Dkt. No. 102, 4:1-3; 102-1, pgs. 13-17 of 22.

[10] See Pietz's reliance on the two justice dissent in Celotex v. Edwards, 514 U.S. 300 (1995) for argument that was contrary to the majority's express holding; District Court Dkt. No. 175, 10:1-23.

5

Buckhaannon [Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001)]…[which] held a plaintiff was not a prevailing party…when the 'lawsuit brought about a voluntary change in the defendant's conduct' without a 'judgment on the merits or a court-ordered consent decree.'" A voluntary dismissal and a lack of a judgment on the merits – indeed, no motions directly addressing the merits of the case had been filed before dismissal – occurred here. No amount of fact massaging can change that.

### 3. *Flury v. CSC Credit Services* has no application to this case.

The lone legal authority upon which Pietz relies to support his prevailing party argument is inapplicable, nearly devoid of analysis,[11] and not controlling on this Court. In *Flury v. CSC Credit Servs.*, 2012 U.S. Dist. LEXIS 11731 (Ariz. 2012), a plaintiff filed a complaint against two named defendants. *Id.* at 1. One of the defendants filed a motion to dismiss, resulting in the plaintiff filing a notice of voluntary dismissal of that particular defendant. *Ibid.* However, Plaintiff then filed a motion for leave to amend its complaint "to do nothing more than reinstate his claim against [the dismissed defendant]." *Ibid.* The district court denied the motion on the basis of futility, resulting in the dismissed defendant filing a motion for attorneys' fees. *Ibid.*

---

[11] The *Flury* decision involves a two-paragraph and one-sentence summary of facts and a one-paragraph analysis of the prevailing party issue.

6

In finding the defendant a prevailing party for purposes of the attorneys' fees award, the district court held that its denial of the plaintiff's motion to amend acted as a dismissal with prejudice pursuant to FRCP Rule 41(b). *Id.* at 2-3. In effect, the plaintiff's motion was found to be a revival of its complaint against the dismissed defendant, thereby permitting the district court to enact the two-dismissal rule of FRCP Rule 41(b). *See Ibid.* That rule, as recognized by the district court, "operate[d] as an adjudication on the merits" and "created a material alteration of the legal relationship of the parties." *Ibid.* (citing FRCP, Rule 41(b); Cadkin, *supra*, at 1148). As such, the defendant's motion for attorneys' fees was granted. *Id.* at 3-4.

The factual and legal differences between this case and *Flury* are numerous and dispositive of *Flury*'s inapplicability:

    1. The *Flury* plaintiff actually named the defendants to his complaint, and those defendants appeared and responded to the complaint.

    2. The *Flury* plaintiff did not dismiss without prejudice the entirety of his lawsuit, but only dismissed a single party.

    3. The *Flury* plaintiff unsuccessfully attempted to re-name the once-dismissed defendant to his lawsuit.

    4. The *Flury* defendant actually moved the district court for its attorneys' fees as part of the district court's dismissal with prejudice of the complaint.

    5. The *Flury* court applied FRCP, Rule 41(b), rather than Rule 41(a)(1), for its dismissal with prejudice.

7

None of these facts exist here. Furthermore, *Flury* has not been subject to appellate review, so its attempted distinguishing of *Cadkin* may not stand the test of time. In any event, *Flury* is not controlling precedent for the facts at bar; *American Soccer* and *Cadkin* are.

### 4. Pietz presents no applicable legal authorities supporting his "material alteration" arguments.

This Court has defined "a material alteration of the *parties*' [author's emphasis] legal relationship" as a situation in which one party can force the opposing party to do something it otherwise would not do. Higher Taste v. City of Tacoma, 2013 U.S. App. LEXIS 11112 at 9 (9th Cir. 2013). As noted, neither John Doe nor Pietz nor Prenda Law is or was a party to the underlying litigation; thus, there is nothing each can do to the other for purposes of materially altering their legal relationships, if any indeed exists between them.[12] There is no dispute between these parties to which the District Court has jurisdiction, thereby precluding the necessary "judicial imprimatur" of any material change. *See Id.* at 6-7. Simply, Pietz's unsupported arguments of a material change are incorrect.

---

[12] It is uncertain at this point whether Pietz, in his role as the District Court's unofficial prosecutor during the OSC proceedings, contests that there is no legal relationship between him, personally, and Prenda Law. *See, e.g.,* District Court Dkt. Nos. 48 (10:18-26); 57 (2:1-6); 86 (3:14-20); 116; 130 (10:24-11:5) (collectively, District Court's orders requesting Pietz's participation in OSC proceedings); 52-55, 59, 69, 75, 79-80, 102, 111, 117-119, 124, 148 (Pietz's collective submissions during the OSC proceedings); 93 (Transcript of OSC hearing, March 11, 2013) – evidencing Pietz's examination of witnesses and submission of "evidence" against Prenda Law and others.

8

His reliance on the Seventh Circuit case of *Riviera Distributors, Inc. v. Jones* ("*Riviera*") 517 F.3d 926 (7th Cir. 2007) gets Pietz no closer to a legal relationship with Prenda Law (or any other appellant) or to a material change of any legal relationship between them. The plaintiff in *Riviera* attempted to dismiss without prejudice its copyright infringement claim far beyond any deadline provided by FRCP Rule 41(a)(1). Riviera, *supra, at* 927. The district court, flexing its discretion, entered a dismissal with prejudice pursuant to Rule 41(a)(2), resulting in a motion for attorneys' fees from the defendant. *Ibid.* That motion was denied by the district court, and the defendant appealed. *Id.* at 927-28.

In ruling that a dismissal with prejudice is the equivalent of a judgment on the merits, Judge Easterbrook also noted that the underlying litigation was the second time that the two litigants had sought adjudication of "fundamentally the same claim of infringement." *Id.* at 928-29 (citing Mother & Father v. Cassidy, 338 F.3d 704, 708 (7th Cir. 2003)). He further commented that the second lawsuit was filed in contravention of the first suit's settlement, which required alternative dispute resolution ("ADR") for any future claims. *Id.* at 929. Because the plaintiff had failed to utilize ADR for its second claim and caused the defendant to take on expenses it otherwise would not have, and because the plaintiff dismissed its claims beyond the auspices of Rule 41(a)(1), the defendant was entitled to its attorneys' fees. *Ibid.*

9

As can be seen, the facts of *Riviera* in no way compare to the instant matter, leaving Pietz with nary a legal authority to support his arguments. Here, the dismissal was timely, did not involve re-litigation of issues that had been resolved, and did not even involve a dispute between previous litigation adversaries.

### III. CONCLUSION

The District Court on May 21, 2013, ordered Appellants to post a bond in the amount of the underlying sanctions award, or just over $81,000, in order to proceed with their appeal.[13] Appellants posted, and Judge Wright of the District Court signed, a bond that was 25% greater in amount the very next day.[14] Everything that happened afterward is legally unsupportable posturing by Pietz. For the reasons listed herein and in its preceding Emergency Motion and Reply, this Court should vacate or modify the District Court's June 11, 2013, amended order imposing additional conditions and bonding requirements.

                                            Klinedinst PC

DATED: June 27, 2013        By:  /s/ Philip W. Vineyard
                                                Heather L. Rosing
                                                David M. Majchrzak
                                                Philip W. Vineyard
                                                Attorneys Specially Appearing for
                                                PRENDA LAW, INC.

---

[13] District Court Dkt. No. 164, 2:8-15.
[14] District Court Dkt. No. 170-2.