UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>　　　　Plaintiff,<br><br>and<br><br>PRENDA LAW, INC.,<br><br>　　　　Appellant,<br><br>v.<br><br>JOHN DOE,<br><br>　　　　Defendant - Appellee. | 9th Circuit Docket No. 13-55881<br><br>[Related Circuit Docket No. 13-56028]<br><br>Los Angeles No. 2:12-cv-08333-ODW-JCx, Central District of California |

### APPELLANT PRENDA LAW, INC.'S NOTICE OF DISSOLUTION

TO THE COURT AND THE PARTIES AND THEIR ATTORNEYS OF RECORD.

Please take notice that on July 26, 2013, the Illinois Secretary of State approved Respondent Prenda Law, Inc.'s request for voluntary dissolution. Notwithstanding Prenda Law, Inc.'s dissolution, applicable federal and Illinois legal authorities permit Prenda Law, Inc. to maintain its current appeals of the various orders arising from the underlying district court's order to show cause

1

("OSC") proceedings in the litigation entitled *Ingenuity 13, LLC v. John Doe*, assigned case number 2:12-cv-08333-ODW (JCx). To wit, Federal Rule of Civil Procedure, Rule 17, states in relevant part:

> **Rule 17. Plaintiff and Defendant; Capacity; Public Officers**
>
> **(b)** Capacity to Sue or Be Sued. Capacity to sue or be sued is determined as follows:
>
> > **(2)** for a corporation, by the law under which it was organized;

Sections 12.30 and 12.80, respectively, of Illinois' Business Corporation Act (805 ILCS 5/1.01, *et seq.*) state in relevant part the following:

> **§ 805 ILCS 5/12.30**
>
> Sec. 12.30. Effect of dissolution.
>
> **(a)** Dissolution of a corporation terminates its corporate existence and a dissolved corporation shall not thereafter carry on any business except that necessary to wind up and liquidate its business and affairs, including:
>
> > **(5)** Doing such other acts as are necessary to wind up and liquidate its business and affairs.
>
> **(c)** Dissolution of a corporation does not:
>
> > **(4)** Prevent suit by or against the corporation in its corporate name;
> >
> > **(5)** Abate or suspend a criminal, civil or any other proceeding pending by or against the corporation on the effective date of dissolution.

> **§ 805 ILCS 5/12.80**
>
> Sec. 12.80. Survival of remedy after dissolution.
>
> The dissolution of a corporation either (1) by filing articles of dissolution in accordance with Section 12.20 of this Act [805 ILCS 5/12.20], (2) by the issuance of a certificate of dissolution in accordance with Section 12.40 of this Act [805 ILCS 5/12.40], (3) by a judgment of dissolution by a circuit court of this State, or (4) by expiration of its period of duration, shall not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name.

Finally, the U.S. Supreme Court has recognized congressional and judicial respect for the principles of federalism by deferring to the states in determining whether a corporation organized pursuant to a state's laws may continue its federal litigation pursuits beyond the corporation's dissolution.

> But a time-honored feature of the corporate device is that a corporate entity may be utterly dead for most purposes, yet have enough life remaining to litigate its actions. All that is necessary is a statute so providing.

Defense Supplies Corp. v. Lawrence Warehouse Co., 336 U.S. 631, 634-35 (1949)(citing Oklahoma Natural Gas Co. v. Oklahoma, 273 U.S. 257 (1927); Pease v. Rathbun-Jones Engineering Co., 243 U.S. 273, 277 (1917)).

In summary, Prenda Law, Inc. provides this notice in order to conform to its disclosure responsibilities before this court, but in no way should this notice be construed to act as a waiver or dismissal of Prenda Law, Inc.'s appeals of the various orders arising from the OSC proceedings in the underlying action.

Klinedinst PC

DATED: August 2, 2013           By: /s/ Philip W. Vineyard
                                    Heather L. Rosing
                                    David M. Majchrzak
                                    Philip W. Vineyard
                                    Attorneys Specially Appearing for
                                    PRENDA LAW, INC.

4