

8605 Santa Monica Boulevard
Number 69018
Los Angeles, California 90069
Telephone: (310) 424-5557
Facsimile: (310) 546-5301
www.pietzlawfirm.com

May 19, 2016

*VIA ELECTRONIC CASE FILING ("ECF")*

Molly C. Dwyer
Clerk of Court
Ninth Circuit Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

    Re:    *Ingenuity 13, LLC v. John Doe*,
           **Lead Appeal No.:**    13-55859,
           **Consolidated With:**    13-55880, 13-55881, 13-55882,
                                      13-55883, 13-55884, 13-56028.

    **Fourth Citation of Supplemental Authority**

To the Court:

Pursuant to Fed. R. App. P. 28(j), appellee John Doe advises the Court of a supplemental authority supporting his argument in these consolidated appeals.

In urging affirmance of the district court's order setting the amount of the appellate bond sufficiently high so as to secure attorneys' fees on appeal, John Doe argued that "This litigation did result in a 'material alteration of the legal relationship of the parties,'[19] in that appellants were roundly sanctioned and referred for criminal prosecution based on their conduct in bringing vexatious lawsuits. Accordingly, prevailing party attorney's fees under the Copyright Act, which count as part of 'costs' on appeal in copyright cases, should be available to Doe." No. 13-55859, Dkt. No. 36 ("Answ. Br.") at pp. 74-75 & fn 19.

Today, the U.S. Supreme Court issued an opinion that lends substantial support to Doe's position that he was a "prevailing party," even though the district court did not reach a judgment on the merits of the copyright claim. *See CRST Van Expedited, Inc. v. EEOC*, 578 U.S. ___, No. 14-1375 (slip op. May 19, 2016) at pp. 11-16 (holding that a favorable ruling on

---

[19] *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001).

the merits is not a necessary predicate to finding that a defendant is a prevailing party) (http://www.supremecourt.gov/opinions/15pdf/14-1375_09m1.pdf).

Thus, in a similar federal statutory context, the Supreme Court has now done what Doe asked this Court to do with respect to copyright fee awards in "tipping the pendulum back toward [this Court's] prior precedent in _Corcoran_.[20]"  Answ. Br. at 75 & fn 20.

Respectfully submitted,

/s/ *Morgan E. Pietz*

Morgan E. Pietz
THE PIETZ LAW FIRM
mpietz@pietzlawfirm.com

*Attorney for Appellee John Doe*

Enclosure(s):   N/A

Cc(s):   Service on all parties through counsel registered for CM/ECF.

---

[20] _Corcoran v. Columbia Broadcasting System, Inc._, 121 F.2d 575, 576 (9th Cir. 1941) (holding that a defendant in a copyright suit was a prevailing party and was entitled to attorneys' fees when the plaintiff voluntarily dismissed the complaint without prejudice after the district court granted defendant's motion for more definite statement) *overruled as stated in* _Cadkin v. Loose_, 569 F.3d 1142, 1144–45 (9th Cir. 2009) (concluding that _Corcoran_ was irreconcilable with _Buckhannon_).